(67 South. 329)

No. 20208.

OWEN v. M. HANLON'S SONS et al.

In re HANLON.

(Jan. 11, 1915. Rehearing Denied Feb. 8, 1915.)

*(Syllabus by the Court.)*

1. HUSBAND AND WIFE &#9906;273, 274—PAYMENT &#9906;52—COMMUNITY PROPERTY—RIGHT TO MORTGAGE—VENDOR'S LIEN.

Where the community is dissolved by the death of the wife, and the property is burdened with a vendor's lien and privilege, and where the notes held by the vendor are subsequently paid by a third person, under an agreement with the surviving husband, and the notes are marked paid, and the inscription thereof is canceled, the debt is extinguished; the interest of the deceased in the property passed to her heirs, and the surviving husband could not mortgage the interest of the wife's heirs, unless he was specially authorized to do so.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024, 1026–1031; Dec. Dig. &#9906;273, 274; Payment, Cent. Dig. § 136; Dec. Dig. &#9906;52.]

2. MORTGAGES &#9906;76—VALIDITY—PARTIES.

Where a privileged debt bearing upon property is paid by a third person, and another agreement is entered into between the third person and some of the owners of the property to pay said third person, and a note secured by mortgage is given by them to secure said third person, the mortgage will not bind the interest of those owners who were not parties to said act of mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 174, 175; Dec. Dig. &#9906;76.]

Monroe, C. J., dissenting.

Appeal from Twenty-First Judicial District Court, Parish of Iberville; C. K. Schwing, Judge.

Action by Dr. W. G. Owen against M. Hanlon's Sons and others, wherein J. D. Hanlon, natural tutor, filed intervention and third opposition. From a judgment for plaintiff the tutor appeals. Reversed and rendered.

Guion, Lambremont & Hebert, of Lutcher, for appellant. Borron & Wilbert, of Plaquemine, for appellee.

SOMMERVILLE, J. Dr. Owen, the holder of certain past-due notes amounting to $23,000, secured by vendor's lien and privilege, bearing upon Nottoway plantation, the property of defendants, caused executory process to issue on one note for $5,000. The proceeds of sale were more than sufficient to meet the notes. There is a balance in the hands of the sheriff after paying all of said notes, which is claimed by plaintiff in settlement of a $10,000 note held by him and issued by defendants, which is secured by a mortgage on the same property.

The claim of plaintiff is opposed by J. D. Hanlon, one of the defendants, but acting in the capacity of natural tutor of his minor children, on the ground that at the time he, together with the other two defendants, his brothers, signed and issued said mortgage note for $10,000, he (J. D. Hanlon) was not the owner of one-third of the property involved; that he was the owner of only one-sixth thereof; that the other one-sixth belonged to his minor children, whom he is representing in this proceeding; and that they (the minors) are entitled to one-sixth of the balance of the proceeds of sale now in the hands of the sheriff.

There was judgment in favor of plaintiff, and J. D. Hanlon, tutor, has appealed.

[1, 2] The record shows that plaintiff, in 1911, was the owner of a note secured by vendor's lien and privilege, the payment of which was assumed by the three defendants when they bought the Nottoway plantation; that two of several notes issued by defendants as evidence of part of the purchase price paid by them for the property involved would fall due on March 1, 1911; that, on January 7, 1911, plaintiff loaned defendants $10,000 to run their plantation; that plaintiff and de-

fendants agreed to allow plaintiff, Owen, to take up and hold said two vendor's notes falling due March 1, 1911, until they were paid by defendants.

It was further stipulated between them:

"In the event that the holder or holders of said notes maturing on the 1st day of March, 1911, 1912, and 1913, cancel said notes upon receiving payment of same, the said James D. Hanlon, Edmund S. Hanlon, and Alphonse Hanlon * * * do hereby agree, bind, and obligate themselves to give Dr. W. G. Owen * * * a note for ten thousand dollars, secured by an act of mortgage on said Nottoway plantation. * * * Said act of mortgage securing said note of ten thousand dollars * * * shall be a duplicate of the act of mortgage which secured the note which has been canceled. Said act of mortgage shall be drawn up by a notary, and the note for ten thousand dollars handed to the party of the first part (Dr. Owen) upon his paying cash for note canceled."

Mrs. Keith, the holder of the notes secured by vendor's lien and privilege, including the two for $5,000 each, which fell due on March 1, 1911, refused to transfer to Dr. Owen said matured notes on his paying the value thereof; and she insisted that the two notes should be paid and canceled, thus reducing the indebtedness due by the Hanlons to the vendor of the plantation, and at the same time increasing her security. Dr. Owen paid the two notes, and the notes were marked paid, and they were canceled by Mrs. Keith, the holder thereof. Dr. Owen subsequently became the owner of the other vendor's lien notes, aggregating $23,000.

The Hanlons gave a second note for $10,000, secured by a mortgage on Nottoway plantation, to Dr. Owen, as evidence of indebtedness due by them to him for the $10,000 with which the two vendor's lien notes were paid by Owen March 1, 1911.

It is the payment of this mortgage note in full, out of the proceeds of this executory process, which Dr. Owen claims, and which J. D. Hanlon, as tutor, contests. The latter alleges and shows that his one-third interest in Nottoway plantation was communi-

ty property; that the community between him and Mrs. Hanlon had been dissolved by the death of Mrs. Hanlon prior to the time of issuance of the last $10,000 mortgage note, and that Mrs. Hanlon's one-sixth interest in the property had descended to her heirs; that he was not authorized to mortgage the property of his children, inherited from their mother; that he had not mortgaged it; and that he had mortgaged only his own interest.

Plaintiff argues that the two vendor's lien notes which fell due March 1, 1911, were community debts; that a surviving husband is authorized to pay and to settle community debts; and that J. D. Hanlon, the surviving husband, settled the two notes, by permitting him (Dr. Owen) to pay them; and that the new mortgage note for $10,000 issued by the three Hanlon brothers to his (Owen's) order was substituted for the two vendor's lien notes which he had paid and which had been canceled on March 1, 1911.

The court has held that a surviving husband might pay the debts of the community, and that such survivor might cause community property to be sold to pay the debts of the community. But J. D. Hanlon, the surviving husband, has not so acted.

He did not pay the two notes falling due March 1, 1911, which were secured by a lien on the community property. Dr. Owen, the plaintiff, paid those notes, and the three Hanlon brothers became indebted to him for the amount thereof, and they gave him their joint mortgage note in settlement. But this new debt and new mortgage note are not debts of the dissolved community of J. D. Hanlon and his wife. The former indebtedness was between Mrs. Keith on one side, and J. D. Hanlon, E. S. Hanlon, both married, and A. Hanlon, unmarried, on the other side; while the present is between Dr. Owen, on one side, and E. S. Hanlon, married, J. D. Hanlon, widower, and A. Hanlon, unmarried, on the other side. The former

indebtedness was for two notes of $5,000 each, representing parts of the purchase price of Nottoway plantation; while the latter is for one note for $10,000, representing cash paid for defendants. The former indebtedness was secured by a vendor's lien and privilege; while the latter is secured by a second mortgage. The two debts are separate and distinct; and in the last act of mortgage between Dr. Owen and the Hanlons the two notes formerly held by Mrs. Keith are not referred to. The creditors are different, as are the debtors; the debts are not the same; and the securities are different.

In paying $10,000 to Mrs. Keith in settlement of two notes due by the Hanlon brothers and secured by a vendor's lien on the property of the latter, Dr. Owen paid debts partly due by the community formerly existing between Mr. and Mrs. J. D. Hanlon, and he may have a claim against the estate of Mrs. J. D. Hanlon, or her heirs; but that indebtedness is not secured by a mortgage given by J. D. Hanlon bearing upon the property of his children, for the reason that Hanlon did not issue, and he was not authorized to grant, such mortgage.

The interest of Mrs. J. D. Hanlon in Nottoway plantation passed to her children on her death, and it could not be burdened with a mortgage by J. D. Hanlon, the father of the minors, in the absence of authority to him to mortgage their property.

If Dr. Owen has a claim against the minor Hanlons, it is not secured by mortgage, and it has not been reduced to judgment. Its payment, therefore, cannot be forced out of the proceeds of sale resulting from this executory proceeding.

There was error in the judgment appealed from.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed, and that there be judgment in favor of James D. Hanlon, natural tutor, and against plaintiff, Dr. W. G. Owen, and A. A. Browne, sheriff, decreeing said Hanlon, in his capacity as natural tutor of his minor children, to be the owner of one-sixth of the balance of the proceeds of the sale of Nottoway plantation, after paying the notes held by Dr. Owen which are secured by vendor's lien and privilege, said one-sixth to be paid to him by preference and priority to the two special mortgages held by plaintiff, Owen, against the Nottoway plantation, for $10,000 each, of dates January 7, 1911, and March 1, 1911, and for costs in both courts.

MONROE, C. J., dissents.