## SUCCESSION OF BENJAMIN McCLELLAND.

The community cannot be allowed more than the actual cost of improvements made on the separate estate of one of the spouses, during the existence of the marriage, although the property had increased in value during its existence.

One partner in the community will not be permitted to question the title of the other partner to property possessed by such partner prior to the existence of the community.

APPEAL from the District Court of the Parish of St. Landry, *Martel*, J. *T. H. Lewis & Porter*, for administrator. *J. E. King* and *C. A. Mouton*, for opponent and appellant.

MERRICK, C. J. The object of this suit, (which is prosecuted by way of an opposition to the administrator's account), is to settle the value of the community property which existed between the intestate and the opponent, his widow.

The amount to be deducted for the debts of the community is reserved for future adjustment.

Both parties, administrator and opponent, appeal.

I. The first question presented is, whether the District Judge has allowed enough to the community for the increase of the herds or stock of cattle and horses in the parishes of St. Landry and Calcasieu?

Both parties complain : one maintains that the Judge has allowed too much ; the other, that the estimate is too low.

There is much discrepancy in the testimony, and after a careful consideration of the same, we are unable to say that the District Judge erred on this branch of the case. The testimony leaves it very doubtful whether there had been much increase in the herds of cattle during the existence of the community. We could not interfere with the conclusions of the District Judge on this subject with any certainty that our appreciation of the testimony would be more exact. We do not perceive that the proceeds of the gentle cattle are credited to the separate estate.

II. Was the plantation of the deceased (being his separate estate) increased in value by the erection of buildings thereon by the community? The District Judge allowed $450 for such improvements. He must have assumed, (which was correct), that the community could not be allowed for more than the cost of such improvements, although the property had increased in value since the existence of the community. The question is not the same when the improvements do not enhance the value of the soil to the amount of the cost of the same. 2 An. 43.

III. The District Judge allowed the separate estate of the husband $6,475 for separate property sold during the existence of the community, but not shown by direct proof to have enured to its benefit. We cannot say, under the peculiar circumstances of this case, that he erred. He charged the separate estate (upon the mere presumption of law) with the sum of $19,733 84, debts of the husband, paid during the existence of the marriage. It might well be inferred, considering the thrifty habits of the deceased, that the $6,475 were used in part payment of his separate debts, no other separate debts having been shown to exist. If the community is credited with the one, it should be debited with the other.

IV. Certain slaves were in the possession of the husband as owner, before his marriage with the opponent. There is no other proof of ownership, and no production of written titles. Is the presumption arising from Art. 2374 C. C., that all the effects which the husband and wife reciprocally possess at the dissolution of the marriage, rebutted by the proof of such prior possession? The deceased was, at the time of his marriage, the owner of a large estate of lands, slaves, vacheries, &c.; much of which is conceded to be separate property. It is to be presumed, that he possessed the slaves he held prior to and at the time of the marriage, as owner also. Indeed, we so understand the testimony. If the widow in community pretends that these slaves belonged to the community, she must show that the title to them was acquired during the community. One partner in the community cannot be permitted, under the mere presumption of Art. 2374, to set up defects and question the title of the other to property possessed by the other prior to the community.

V. The claim against the administrator for the supposed loss arising from a

SUCCESSION OF
McCLELLAND.

neglect to sell certain slaves, cannot be considered under the pleadings and argument of counsel.

We perceive no other questions which require particular notice, and are satisfied that substantial justice has been done between these parties.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed, the administrator and opponent each paying one-half of the costs of the appeal.