(58 South. 556.)

No. 18,343.

Succession of CASEY.

(April 8, 1912. Rehearing Denied May 6, 1912.)

*(Syllabus by the Court.)*

1. HUSBAND AND WIFE (§ 273*)—COMMUNITY—CLAIMS AGAINST ESTATE—JUDGMENT.

The claim of the surviving widow and administratrix, inheriting her deceased husband's share in the community, against the separate estate of the husband, inherited by his collateral heirs, for the alleged enhanced value of real estate resulting from improvements made thereon by the community, should be liquidated and determined by a judgment of the court before the rendition of a decree for the sale of the separate property to pay such claim.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273.*]

2. HUSBAND AND WIFE (§ 273*)— COMMUNITY—LIABILITY FOR EXPENSES OF LAST ILLNESS.

The expenses attending the last illness of the deceased husband are debts of the community.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

In the matter of the succession of Daniel M. Casey. From a judgment ordering the sale of lots, heirs of the decedent appeal. Judgment of sale vacated, and cause remanded for further proceedings.

James B. Rosser, Jr., for appellants. Buck, Walshe & Buck, for appellee.

LAND, J. Daniel M. Casey died in the city of New Orleans in December, 1910, leaving a widow, Mrs. Mary Casey, who was duly appointed and qualified as administratrix of the succession. The estate of the decedent consisted of separate and community property; the former comprising two certain lots of ground appraised at $2,000. The community property was appraised at $19,308.-02, and included $8,497.32 in cash.

There being no ascendants or descendants or valid last will and testament, the widow inherited the share of the deceased in the community, pursuant to Act No. 57 of 1910, p. 93. The separate property was inherited by two brothers and a sister of the decedent. These heirs unsuccessfully opposed the administration of the estate on the ground that it owed no debts.

In March, 1911, the administratrix petitioned for the sale of the separate property mentioned, on the ground that the separate estate owed the community $1,000 for the enhanced value of said two lots resulting by

reason of buildings and improvements erected thereon with community funds during the marriage, as per claim on the inventory, and on the further ground that the separate property was also liable for at least a share and portion of the debts due in connection with the last illness and burial of decedent, and the costs and charges of administration; and that the share in the separate property inherited by the heirs of the decedent was liable for the fee of the attorney for absent heirs.

Counsel for the heirs opposed the granting of the order of sale on the ground that the application was premature, because the claim of the community against the separate estate had not been proven, and because the community had never been liquidated by a judgment of the court.

From a judgment ordering the sale of the two lots, the heirs have appealed.

[1] The petition for sale was not supported by affidavit, nor was it accompanied by a list of the acknowledged debts of the succession. The only evidence adduced of the existence of the claim of $1,000 against the separate estate was the statement on the inventory that the claim was due. In order to establish such a claim it must be proven, first, that the separate property has been improved during the marriage; and, second, that, by reason of the improvements, the property has been enhanced in value to the extent of the claim. C. C. art. 2408. The liquidation of the claim in question involves a settlement between the community and the separate estate of the deceased husband; both represented by the widow as administratrix. Non constat that the separate estate has no valid claims against the community. In a similar case, the claims of the widow and administratrix against the community were charged on her account, were opposed by the heir of the husband and were adjudicated by the court. Succession of Farmer, 32 La. Ann. 1037.

[2] As an administratrix cannot sue herself, her only remedy is the one pointed out in the case cited. Where the succession of the husband is administered by some other person, the remedy of the widow is by opposition to the account. Succession of McClelland, 14 La. Ann. 762. Hence we conclude that the alleged claim of the community against the separate estate of the husband should be determined and liquidated in the mode above indicated. It follows that the order of sale in question was improvidently granted. The expenses of last illness were incurred before the dissolution of the marriage by the death of the husband, and therefore are debts of the community. The amount of the funeral expenses are not stated. The amount of the succession costs and charges cannot be ascertained at this time. The necessity for the sale of all the immovables belonging to the separate estate of the husband cannot be determined until the claims against it are liquidated according to law.

It is therefore ordered that the decree of sale be vacated, and that the case be remanded for further proceedings according to law and the views expressed in the foregoing opinion, and that the costs in both courts resulting from the application for the sale of the property be paid by the community.