BEAL v. WARD

(April 7, 1930. Opinion and Decree.)

Edward J. De Verges and Lubin J. Laurent, of New Orleans, attorneys for plaintiff, appellant.

C. A. Buchler, of Gretna, attorney for defendant, appellee.

WESTERFIELD, J. This is an appeal from a judgment maintaining an exception of no cause of action. Plaintiff, claiming that defendant is indebted to her in the sum of $353.50, alleges that she kept Theresa Ward, the deceased wife of Frank Ward, in her residence at 2325 Sixth Street, in the City of New Orleans, during her last illness, and that she cared for the said deceased Theresa Ward from June 15, 1925, in her own home night and day, until August 30th, 1925, the date of the said Theresa Ward's death; that she was constantly called upon to purchase medicine and to supply the proper diet; that she paid Dr. M. C. Gaines a bill of $39.00 for professional services rendered Theresa Ward; that she also paid numerous drug bills for her account; and that the amount sued for "is a just and reasonable amount for the service rendered."

The ground upon which the exception of no cause of action is based which, is

stated in the exception, a practice we should like to see encouraged, is "that the suit of plaintiff is based upon an alleged claim for services rendered to the deceased wife of defendant during her last illness; that said claim if legally due' is a claim against the succession of the deceased and not a personal claim against this defendant, there being no allegation of any contract with this defendant to pay for the said services."

Article 2403, R. C. C., reads as follows:

"WHAT THE COMMUNITY OWES—INDIVIDUAL INDEBTEDNESS. In the same manner, the debts contracted during the marriage enter into the partnership or community of gains, and must be acquitted out of the common fund, whilst the debts of both husband and wife, anterior to the marriage, must be acquitted out of their own personal and individual effects."

Medical services are a debt of the community. Choppin vs. Harmon, 24 La. Ann. 327.

A surviving husband is personally and individually responsible for the payment of the debts of the community—a wife only when she accepts the community. Her heirs may avoid responsibility by accepting under the benefit of inventory. Landreaux et al. vs. Louque, 43 La. Ann. 235, 9 So. 32; Messick vs. Mayer, 52 La. Ann. 1175, 27 So. 815.

When the community of acquets and gains is dissolved by the death of the wife, the husband is responsible for the debts of the community, and he is personally bound for their payment. The community assets, and his separate property as well, may be seized and sold for the discharge of the community debt. Hawley and Wells vs. Crescent City Bank, 26 La. Ann. 230; Beck vs. Natalie Oil Co., 143 La. 156, 78 So. 430.

Nor can it be contended that the plaintiff in this case was under any obligation to provoke an administration of the wife's succession before making demand upon the husband for payment of the community obligation.

"During the existence of the community, the husband is practically the owner of the community property, which he may sell, dispose of, and encumber, by onerous title, at will, and without the concurrence of his wife. He is personally responsible for all of its debts. At his death it enters into and forms part of his succession, to be therein administered and devoted to the payment of the community debts, which are also his personal debts. The wife has no personal liability for the debts, and has no interest whatever in an insolvent community. In case of the dissolution of such a community by the prior death of the wife, her succession or heirs have no valuable interest in the community property.

"If, as in this case, the community be admittedly insolvent, they have no interest, and, consequently, no right, to provoke its liquidation. As to the community creditors, they are under no necessity to provoke its liquidation through the medium of the wife's succession, because it is settled they may disregard the wife's interest, and proceed directly against the community property in the possession of the husband, contradictorily with him alone. Hawley v. Crescent City Bank, 26 La. Ann. 230; Ricker v. Pearson, 26 La. Ann. 391; Riley v. Condran, 26 La. Ann. 294." Succession of Cason, 32 La. Ann. 790.

It follows from what has been said that the exception of no cause of action should have been overruled.

For the reasons assigned, the judgment appealed from is reversed, the exception of no cause of action overruled, and this case remanded to the Twenty-fourth Judicial District Court for the parish of St. Charles for further proceedings according to law and not inconsistent with the views herein expressed.