## JONES v. DAVIS. *
### No. 1335.

Court of Appeal of Louisiana. First Circuit.
June 11, 1934.

Woosley & Cavanaugh, of Leesville, for appellant.

Newman & Jones, of Leesville, for appellee.

ELLIOTT, Judge.

Dr. Finas P. Jones brought suit on account against Ben Davis for $206.50 for professional services rendered and medicine furnished said Davis. The account is annexed to and made part of the petition, and it shows on its face that the $206.50 is the balance due on the account; nine payments made at different times appearing as credits thereon.

Davis for answer admits owing plaintiff $6.50 on the account and tendered it to him as part of his answer. He alleges that he has paid plaintiff on said account in cash at different times the amount of $80, for which he had not been given credit.

In article 2 of his answer he pleads as an offset and counterclaim against the account a claim for $120 on account of 40,000 sweet potato plants which he alleges the plaintiff purchased from him at $3 per M, and that said sum has not been, and should be, credited thereon.

In article 3 of his answer he sets up the same claim against the plaintiff as a demand in reconvention. The prayer of his answer is that the $6.50 be accepted as the full amount due on said account; that the balance be decreed to have been paid and offset in the way stated.

There was judgment in favor of the plaintiff for $106.50, with interest and cost. Defendant has appealed.

When the case was called on appeal, defendant-appellant filed against plaintiff's petition an exception that it set forth no right or cause of action and also a further exception that the indebtedness sued on was barred by the prescription of three years. These exceptions are not mentioned in defendant's brief. The merits of the exception have been looked into, however, and we find them to be without merit. The exceptions are therefore overruled.

The appellee, Jones, filed an answer to the appeal claiming error in the judgment appealed from to his prejudice, as follows: He alleges that a payment of $15 alleged by defendant to have been made on September 16, 1930, allowed by the lower court, and a further credit of $60 allowed by the lower court as the market price of 40,000 sweet potato plants should have been rejected. He prays that these allowances be rejected and as thus corrected that the judgment be affirmed.

■ Defendant's argument that plaintiff cannot recover because the service and medicine as set out in the account were furnished defendant's wife is without merit. The evidence justifies the conclusion that defendant and his wife were at the time living together under the régime of the legal community of acquêts and gains. It follows that he as the head and master of the community owes for the service and medicine furnished to his wife equally and the same as if they had been furnished to himself. The fact that his wife died does not alter the case.

■ Defendant urges that the alleged cash payment of $25 on May 9, 1929, and another of $15 on June 18, 1930, is established by a preponderance of the testimony, and that he should have credit for the full amount claimed in his answer on account of potato plants. The lower court did not file written reasons for judgment, but the judgment rendered indicates that the cash payment of $25 claimed by defendant to have been made on May 9, 1929, and that of $15 claimd to have been made on June 18, 1930, were rejected. We have considered the evidence bearing on these alleged payments, together with the memoranda on the subject put in evidence by defendant. That part of the memoranda, "1929 cash $25.00," and part of the other, "1930 cash," appears to have been written over an erasure. The erasure is not explained. The lower court evidently was not satisfied with defendant's showing on this subject. We are unable to say that he erred, and his ruling on the subject is affirmed. His ruling allowing a credit for $15 cash paid September 16, 1930, is approved and affirmed.

■ As for the credit of $60 allowed on account of potato plants, defendant claims that the court should have allowed the full amount claimed in his answer; while the plaintiff resists the claim and resisted the admission of evidence offered for the purpose of proving it on the ground that it was a demand in reconvention, and, plaintiff and defendant both being residents of the parish of Vernon, and the demand not being connected with nor incidental to the main action, under Code Prac. art. 375, it was not demandable in reconvention. Plaintiff's contention that the sum claimed for potato plants is not demandable in reconvention is good, but the averment in article 2 of defendant's answer and the prayer of his answer shows that the sum is claimed in compensation, and, if liquidated, it is claimable in compensation.

■ Defendant in his answer does not deny that the plaintiff rendered the service and furnished medicine as claimed by plaintiff and that the prices charged are not correct. In his answer he in effect admits owing plaintiff the sum claimed; his defense is that he has not received all the credits to which he is entitled; that is all he sought to prove on the trial of the case. Plaintiff's account for professional services and medicine furnished is therefore a liquidated account and cannot be offset except by claim equally liquidated. Civ. Code, art. 2209.

■■ The payment of $15 on September 16, 1930, and that of January 16, 1931, may be regarded as liquidated, but it is otherwise as to plaintiff's claim for credit on account of potato plants. No price for the plants was agreed on, and the market price is a matter of dispute. The number of plants delivered is also disputed. Plaintiff sent defendant a bill and wrote on it, "Deduct what I owe you for slips." But the evidence on the subject shows that this was not intended as an admission that plaintiff owed the price and for the number set out in defendant's answer.

In Carter et al. v. Morse, 8 Mart. (O. S.) 398, the Supreme Court said on this subject: "The plaintiffs oppose the set-off, on the ground that the defendant's demand is unliquidated. A debt, says Pothier, is liquidated when it appears that something is due, and how much. Cum certum sit an debeatur & quantum debeatur. A contested debt, therefore, is not a liquidated one; and so cannot be set off, unless he who claims to set it off, has the proof in his hands, and be ready to prove it promptly and summarily."

In Owen, Administrator, v. Vanderslice, 9 La. Ann. 189, we copy the syllabus:

"Defendant being sued on his promissory note, pleaded two accounts for work and labor done in compensation and payment. Held: The Court below properly rejected the evidence offered on part of the defendant to prove that the work was done, and the prices charged were reasonable. * * *

"Defendant cannot compensate a debt due by note, by an account for work, where there was no agreement to pay a fixed price for the work and no acknowledgment of the correctness of the account." Defendant admitted himself that his claim for the price of the potato slips had never been acknowledged by the plaintiff, and on the trial it was shown that the number claimed to have been delivered had never been acknowleged and was disputed. Defendant's claim on account of potato plants is therefore not liquidated and cannot be pleaded in compensation. When defendant as a witness in his own behalf admitted that no price for the potato plants had ever been agreed on and sought to prove the market value, plaintiff objected that evidence to show market value was not admissible to support a plea of compensation. The court overruled the objection. The ruling was erroneous; the objection should have been sustained and the evidence excluded. We are urged to reverse the ruling. The ruling in question is now set aside, and the evidence showing market price and the number of plants delivered is now excluded from consideration. Defendant's claim of credit for 40,-000 potato plants at $3 per M should have been rejected as in case of nonsuit, with right reserved to defendant to bring a separate suit against plaintiff.

On account of the change made, it is best to recast the judgment.

For these reasons the judgment appealed from is annulled, avoided, and set aside, and it is now ordered, adjudged, and decreed that there be judgment in favor of Dr. Finas P. Jones and against Ben Davis for $206.50, with legal interest thereon from judicial demand until paid, less $15 paid September 16, 1930, and $25 paid January 16, 1931. The ruling disallowing the $25 claimed by defendant to have been paid on May 9, 1929, and of $15 claimed to have been paid on June 18, 1930, is approved and affirmed. Defendant's demand and claim against plaintiff on account of potato plants and slips is refused and rejected as in case of nonsuit and without prejudice to the right of said Davis to bring suit against the plaintiff, Jones, on said account in a separate action.

Full tender not having been made, defendant-appellant is to pay the cost in the lower court. The judgment having been amended so as to permit defendant to bring a suit for the recovery of the amount claimed on account of potato plants, the plaintiff-appellee will be required to pay the cost of appeal.

*Rehearing denied June 28, 1934.