SAMUEL, Judge.
This is a suit by a partnership composed of two doctors for medical expenses rendered to the defendant’s wife, at defendant’s request, while she was under a judgment of interdiction. The interdict’s husband, individually, was the sole defendant in the original petition. That defendant, who was also the interdict’s curator, filed exceptions of no right or cause of action and non-joinder of parties defendant to the petition on the ground that the claim was a debt of the interdict’s estate and that estate, through the curator, was the only proper party defendant. Plaintiff then filed a supplemental and amended petition making the interdict, through her curator, a party defendant and alternatively praying for judgment against (1) the original defendant individually, (2) the interdict, or (3) the original defendant and the interdict in solido. Service of the supplemental and amended petition was made on, and answers thereto in the form of general denials were filed by, the original defendant, individually and as curator, and the under-curatrix.
After trial there was judgment in favor of plaintiff and against the original defendant, individually and as curator for his wife, and the estate of the interdict, in solido, in the amount prayed. Only the original defendant, in his individual capacity, has appealed from that judgment. In this court he seeks no relief other than a reversal of the judgment against him individually, relying on LSA-C.C.P. Art. 4556. Thus the sole issue before us is the correctness of the judgment rendered against the original defendant in his individual capacity or, in other words, whether the husband-defendant is individually liable for the medical services rendered to his wife while she -viras under a judgment of interdiction.
LSA-C.C.P. Art. 4556, relied upon by the appellant, reads as follows:
“The curator shall expend that portion of the revenue from the interdict’s property as is necessary to care properly for his person and, with the approval of the court, to support his legal dependents. If the revenue is insufficient for these purposes, with the approval of the court in the manner provided in Article 4271, the curator may expend the interdict’s capital.” LSA-C.C.P. Art. 4556.
The quoted article is inapplicable in the instant case. It merely requires the curator to expend such portion of the revenue from, or the capital of the interdict’s property as may be necessary to care properly for the interdict’s person and to support his legal dependents, the approval of the court being unnecessary in one instance and necessary in others. The article does not purport to determine the liability of any other person for the interdict’s debts. More specifically, it does not determine, nor does it purport to determine, the liability or nonliability of an interdict’s husband for medical expenses rendered to her during their marriage.
Under our settled law the husband is personally liable for payment of medical services rendered to his wife during the existence of the community of acquets and gains between them. LSA-C.C. Art. 2403; Succession of Casey, 130 La. 743, 58 So. 556; Choppin v. Harmon, 24 La.Ann. 327; Beal v. Ward, 13 La.App. 191, 127 So. 423. And it is quite clear that a judgment of interdiction as to one of the spouses does not dissolve the community existing between the interdict and the other spouse. Succession of Bothick, 52 La.Ann. 1863, 28 So. 458; Hotard v. Hotard, 12 La.Ann. 145.
In the instant case the medical services were rendered to the appellant’s wife *385 during the existence of the community of acquets and gains between them. Accordingly, he is personally liable therefor.
The judgment appealed from is affirmed.
Affirmed.