AYRES, Judge.
This is an action upon an open account for hospital services, medicines, and supplies furnished defendant’s wife. The defense is a denial that the services rendered were either such as constitute necessaries for which the husband is bound in the absence of his authorization or those which were binding upon the community of acquets and gains when contracted at the instance of and by the wife. From a judgment upholding the defenses urged and rejecting plaintiff’s demands, plaintiff appealed.
The Physicians & Surgeons Medical Center, Inc., or its predecessor, Physicians & Surgeons Hospital, Inc., rendered hospital and medical services to Jewell Milam Dickerson, defendant’s wife, to the extent of $379.02. The account was assigned and transferred to plaintiff, which, upon the failure and refusal of the husband to pay the account, instituted this action for recovery thereon.
The record discloses that on one of the two occasions on which Mrs. Dickerson was admitted through her physician to the hospital, she was admitted because of intoxication, and on the other occasion because of multiple bruises and contusions about the face and body. At the time the services were rendered the wife, she and defendant were husband and wife. Although they were in fact actually living separate and apart from each other, there *829 was neither a judicial separation nor a divorce. They were living under a regime of a community of acquets and gains existing between them. However, several months following Mrs. Dickerson’s hospitalization, she and her husband were divorced.
On appeal, plaintiff specifies as error the failure of the trial court to hold that the services rendered—medicines furnished and treatments administered—were necessaries and that the wife had the authority or the capacity to bind the community, of which defendant was head and master, for their payment. By codal authority, “The wife is bound to live with her husband and to follow him wherever he chooses to reside ; the husband is obliged to receive her and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition.” LSA-C.C. Art. 120. Moreover, under LSA-C.C. Art. 2403, “ * * * the debts contracted during the marriage enter into the partnership or community of gains, and must be acquitted out of the common fund, * * * ”
In the instant case the ultimate question presented for resolution is whether the community is liable for the payment of medical expenses and services rendered to a wife who is married to but in fact separated from her husband, where the services are rendered solely at the request of the wife.
As well stated in Drs. Levy and Culicchia v. Lomm, 193 So.2d 383, 384 (La.App., 4th Cir. 1966):
“Under our settled law the husband is personally liable for payment of medical services rendered to his wife during the existence of the community of acquets and gains between them.”
See the authorities therein cited:
LSA-C.C. Art. 2403;
Succession of Casey,
130 La. 743, 58 So. 556 (1912);
Choppin v. Harmon,
24 La.Ann. 327 (1872);
Beal v. Ward,
13 La.App. 191, 127 So. 423 (1930).
In the instant case, as was in the Lomm case, supra, the medical services were rendered to the appellee’s wife during the existence of the community of acquets and gains between them. Accordingly, as was therein held, he is personally liable therefor. In Overton v. Nordyke, 10 La. App. 317, 120 So. 544, 546 (Orl. 1929), defendant contended that, as his wife was not living with him, there could be no presumption that he authorized her to employ a physician. There the late and distinguished Judge Janvier of the Court of Appeal for the Parish of Orleans appropriately pointed out:
“Here the question involved is the liability of the husband to furnish to his wife, wherever she may be, the necessities of life. The liability of a husband to one who furnishes to a wife necessaries, and we know of nothing more necessary to a sick wife than medical attention, results from an implied agency in the wife to contract for and on behalf of the husband, and, wherever the wife may be, so far as the general public is concerned, she has this implied authority unless he, the husband, can show that he himself did furnish or ivas ready and willing to furnish such things as, according to his income and station in life, were necessaries, and to furnish them at the proper time and in the proper place.”
(Emphasis supplied.)
The record in the cited case discloses that, while the husband and wife were not living together because of his desertion, her authority to obtain medical help continued thereafter. This presumption of continuing authority was held to prevail until the happening of some event which would have the effect of changing the legal situation, and the burden of proving the happening of such an event was said to be manifestly on the husband.
*830 There is no showing in the instant case that the husband offered to provide his wife with medical services for which she was in need, irrespective of the initial or basic cause of her need.
In Jones v. Davis, 155 So. 269, 270 (La. App., 1st Cir. 1934), a physician brought an action against a husband to recover charges for medical services to the defendant’s wife who had since then died. In rejecting defendant’s contention of nonliability the court stated:
“The evidence justifies the conclusion that defendant and his wife were at the time living together under the régime of the legal community of acquets and gains. It follows that he as the head and master of the community owes for the service and medicine furnished to his wife equally and the same as if they had been furnished to himself. The fact that his wife died does not alter the case.”
In this connection, see Beal v. Ward, supra.
Medical services such as are herein involved are by their nature necessary expenses. Under the law and jurisprudence to which we have referred, such expenses are debts of the community. To require that the wife establish that she made demand upon the husband for such services is unreasonable. When medical attention is necessary, the need may be immediate; in instances, delay might be unfortunate.
Irrespective of the cause or manner in which subsequently a marriage is terminated and the community dissolved, the husband, as head and master of the community, is liable for community obligations, such as for necessary medical services for the wife.
For the reasons assigned, the judgment appealed is now annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed there be judgment herein in favor of plaintiff, Credit Service Corporation, against the defendant, Heron R. Dickerson, for the full sum of $379.02 with 5% per annum interest thereon from November 1, 1968, until paid, and for all costs.
Reversed and rendered.