157 So.2d 321 (1963)
Succession of Richard LEWIS.
No. 1162.
Court of Appeal of Louisiana, Fourth Circuit.
November 4, 1963.
*322 Roland R. Selenberg, Metairie, for appellant.
Harold J. Aronson, New Orleans, for appellee.
McBRIDE, YARRUT, and TURNER, JJ., HENRY F. TURNER, Judge pro tem.
HENRY F. TURNER, Judge pro tem.
The children of decedent filed a petition in this, their late father's succession proceeding. They seek to have a certain parcel of realty declared to have been the separate property of their father and thus part of his succession. The land in question was purchased by decedent, Richard Lewis, from A. K. Roy, Inc. by act passed before John F. Stafford, Notary Public, dated August 20, 1946, for the sum of $1330.00 cash. That act recited, and it is not contested, that the purchaser had, at that time, been married only once, and then to one Rose Love, from whom he was divorced in 1945. The petitioners are the children of that marriage, and the only children ever born to decedent.
Richard Lewis was married for a second time in 1959, to Mary Griffin, the defendant-appellant in this proceeding. It is the latter's contention that the property in question formed part of the community of acquets and gains, which had existed between her and her late husband during his lifetime. In support of this contention she points out an authentic act passed before Roland R. Selenberg, Notary Public, dated August 4, 1960, whereby John A. Sanchez, Jr. conveyed to Mrs. Mary Griffin, wife of, and Richard Lewis, the property in question for a recited consideration of $8000.00, credit, represented by a mortgage in that amount, payable at $75.00 per month.
On the same day the above act was passed, the decedent went to the office of his Attorney, Roland Selenberg, who was the Notary Public for said act, and made out his will. He simultaneously signed an authentic act conveying his property to John A. Sanchez, who at that time was the law partner of Mr. Selenberg, for a recited consideration of $8000.00 cash. Mr. Sanchez testified that no cash ever changed hands and that he never obtained possession of the note or mortgage assertedly supporting the conveyance back to Mr. and Mrs. Lewis. Lewis presented the note and cancelled the mortgage sixty days later. He further testified that the whole purpose of the transaction was to obtain for Mrs. Lewis the rights of a spouse to community property, to the property here in question. All of the transactions recited above were clearly simulations in fraud of the rights of the forced heirs of Richard Lewis to this property, and were admitted by counsel and so found by the trial Judge.
LSA-C.C. Article 2239 provides, "Counter letters can have no effect *323 against creditors or bona fide purchasers; they are valid as to all others; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate (legitime)."
The petitioners in this case, being forced heirs of the decedent, had a right to prove that his contracts were mere simulations, and having done so, these contracts are treated as nullities, Succession of Quaglino, 232 La. 870, 95 So.2d 481; See Succession of Nelson, 224 La. 731, 70 So.2d 665; Johnston v. Bearden, La.App., 127 So.2d 319. "A `simulated contract' is one which, though clothed in concrete form, has no existence in fact, and it may at any time and at the demand of any person in interest be declared a sham and may be ignored * * *." Hibernia Bank & Trust Co. v. Louisiana Ave. Realty Co., 143 La. 962, 79 So. 554. "* * * parol evidence is admissible in an action by forced heirs to annul simulated contracts of those from whom they inherit; and, if such contracts are established as simulated, they are annulled in their entirety." Johnston v. Bearden, supra.
A spouse does not, by a sale valid on its face and resale, change the character of his property from separate to community. Ruffino v. Hunt, 234 La. 91, 99 So.2d 34; Lazaro v. Lazaro, La.App., 92 So.2d 402. He certainly cannot do so by a simulated transaction in fraud of his heirs.
We had occasion to pass upon this precise question in the case of Robinson, et al. v. Allen, La.App., 88 So.2d 64, where one spouse attempted to use the device herein employed to change the character of paraphernal property to community property, wherein we stated: "Having acquired the property before her marriage to Herbert Allen, it was her own separate and paraphernal property and when she brought said property into the marriage with Herbert Allen, it did not lose its character of separate property. LSA-C.C. art. 2334. Nor did the sale by Elliot Lewis Nathan Allen to the Phoenix Building and Homestead Association and the resale to her by that association change the status of the property, which was the subject of the loan transaction, from paraphernal to community property. Mayre v. Pierson, 171 La. 1077, 133 So. 163." "In this state such sale, except in the cases and for the consideration as provided for in LSA-C.C. art. 2446, is illegal. See Rush v. Landers, 107 La. 549, 32 So. 95, 57 L.R.A. 353. And as one spouse is forbidden to acquire the property of the other spouse by direct sale, he cannot do it indirectly through a third person interposed. Vicknair v. Trosclair, 45 La.Ann. 373, 12 So. 486; Parnell v. Petrovic, 14 La.Ann. 601."
For the reasons assigned, the judgment appealed from is affirmed, at the cost of appellants.
Affirmed.