CHASEZ, Judge.
Erasmo O. Trevino died testate at his domicile in New Orleans on November 17, 1963. He was married to Maude Ellen Deem, who survived him. There were no children born from the marriage and none were adopted, nor were the decedent and his wife ever adopted by anyone. His parents predeceased him and he left only collateral heirs at his death.
On April 2, 1964, Cecil B. Pettepher by petition opened decedent’s succession in the Civil District Court for the Parish of Orleans, alleging that he was a creditor of the estate and that decedent’s widow had refused to open her late husband’s succession. He prayed to be appointed administrator and requested the Court to appoint a notary public to' take air inventory of decedent’s estate. Such an order was issued by the Court on April 2, 1964, and pursuant to same an inventory of decedent’s estate was taken on December 9, 1964, by W. Sommer Benedict, notary public. The inventory indicates that all property left by decedent was community property and among the assets is listed one piece of real estate bearing the municipal number 2144 Brutus Street, in the City of New Orleans, described as follows:
A certain lot of ground, etc., located in the Third District of this city, in Square No. 3461, bounded by Elysian Fields Avenue, Frenchman, Brutus and Carnot Streets, designated by the No. 10 on a sketch and certificate of survey made by E. L. Eustis, C. E. & S., dated May 10, 1940, and according thereto, said Lot No. 10 forms the corner of Frenchman and Brutus Streets and measures 48 feet 4 inches front on Brutus Street, the same width in the rear, by a depth and front on Frenchmen Street of 120 feet between parallel lines. For greater certainty, reference is made to sketch of survey by Gilbert & Kelly, Sur., dated August 11, 1948, redated March 5, 1949, April 22, 1950 and January 7, 1961, a copy of which is annexed to the vendor’s act of purchase passed before me, Notary, this day.
Under the description the notary made the following statement:
"(It should be noted that the undersigned Notary Public in his dual capacity as such Notary, as well as attorney of record for certain creditors of this estate, has been placed on notice by the attorneys for Mrs. Erasmo O. Trevino, that it is and will be her contention and position that the above described real estate is her separate and paraphernal property, and that it forms no part of the community. Its listing herein as community property is, therefore, made without prejudice to any and all rights of the said Mrs. Trevino, in the premises, and with full reservation to her to assert them when and as she is advised to do so by counsel.)”
On May 22, 1964, decedent’s wife, Maude Ellen Deem Trevino appellee herein, filed *753 a rule against Cecil B. Pettepher requiring him to show cause why he should not be dismissed from taking any further action toward the administration of decedent’s estate, which rule the Court made absolute on June 17, 1964. Thereafter, on July 1, 1964, decedent’s widow probated his last will and testament in the olographic form, dated April 6, 1953, and qualified as testamentary executrix of the estate.
On April 2, 1965, Mrs. Maude Ellen Deem, the widow of Erasmo O. Trevino, and executrix of her husband’s estate filed a motion to traverse the inventory filed of record herein requesting the Court to order that the inventory be amended to delete the hereinabove described property therefrom as an asset of the estate of her deceased husband; and to declare it to be her separate property, title to which she alleges she acquired by donation inter vivos from her husband on April 27, 1953, and prayed that W. Sommer Benedict, the notary public who made the inventory in the proceeding, and Cecil B. Pettepher, the original administrator of the succession at whose instance the inventory was made show cause why said inventory should not be so amended and the foregoing described immovable property stricken therefrom and declared to be the separate property of mover, Mrs. Maude Ellen Deem Trevino.
On May 7, 1965, judgment was rendered by the District Court ordering that W. Sommer Benedict, notary public, shall amend the inventory taken by him on December 9, 1964, and filed in these proceedings by deleting therefrom the property hereinaboved described; and further decreeing that said property be and the same be declared to be the separate property of Mrs. Maude Ellen Deem, widow of Erasmo O. Trevino. From this judgment of the Court, C. B. Pettepher appealed suspensively on the 13th day of May 1965.
The appellant herein contends that the transfer of the property by the decedent to his wife is null and void ab initio because it was made in bad faith and with the avowed intention to defraud creditors of the donor and donee past, present and future, and, additionally because of the fact that the alleged donor retained possession and complete administration and control and ownership of the property after the alleged transfer; that the alleged donation by decedent to his wife was not a valid donation but rather an attempted transfer between husband and wife by a purely simulated instrument which is null and void ab initio. Likewise that the decedent had illegally completely divested himself of all of his property when he made the donation to his wife.
The appellant has failed in all respects to prove any of the contentions made by him in this matter.
Article 1746 of the Civil Code reads as follows:
“One of the married couple may, either by marriage contract or during the marriage, give to the other, in full property, all that he or she might give to a stranger.”
There is introduced in evidence in this record a certified copy of the act of sale by which decedent acquired the property from the Security Building and Loan Association on the 11th day of May, 1950; a certified copy of an act of cancellation of the mortgage note for $12,000.00 executed before Daniel Wendling, notary public, on the 11th day of March, 1963, together with a photostatic copy of the can-celled note which indicates that the credit portion' of the sale for the purchase price of the property was paid in full within three years of the date the property was acquired. There is also filed of record herein photostatic copy of the notarial act before Daniel Wendling, notary public, evidencing the donation inter vivos made by the decedent, Erasmo O. Trevino, to his wife, dated April 27, 1953. It therefore appears from the record that at the time this donation was made by decedent Erasmo O. Trevino to his wife, Mrs. Maude Ellen Deem Trevino, on April 27, 1953, this *754 property was paid for in full and the title thereof was clear of the mortgage granted .at the time it was acquired. The evidence in this record likewise shows that at the time this donation was made in 1953, the ■decedent was employed and was earning in ■salary, commissions and bonuses for a number of years approximately $20,000.00 a year; that he did not owe any obligations to anyone and, therefore, had no creditors to defraud or attempt to defraud; that his sole and only idea in transferring this property to his wife by donation inter vivos was to assure her of a home in the event anything unfortunate would happen to him. The record likewise reflects that the obligations which Pettepher claims this estate owes him, if due to him at all, were of very recent vintage and came into being at least ten years after the date of this donation. In the Succession of Byrnes, 206 La. 1026, 20 So.2d 301, the Court stated:
“ * * * A donation of community property made by the husband to the wife is valid, because the wife alone has the right to complain of a violation of Article 2404 of the Civil Code, which forbids the husband to make a donation of community property, and when she consents the donation is valid. Succession of Williams, 171 La. 151, 129 So. 801.”
'In the Succession of Bishop, 228 La. 944, 84 So.2d 613, the Court stated:
“ * * * Consequently, even if counsel are correct in their contention that plaintiffs, being forced heirs, are entitled as creditors of Bishop’s succession to institute the revocatory action to annul this sale under Articles 1968-1994 of the code, it is obvious they could not prevail since there is no allegation that Bishop was, at the time of the transfer, insolvent, and there is not a scintilla of proof in the record in this respect. * * * ”
Considering the Articles of the Code and ■the jurisprudence of this State and the fact ■.that at the time the donation was made by the decedent he was not insolvent but to the contrary was free of debt and earning a substantial income, we must agree with the conclusions of the District Judge when he states in his reasons:
“The creditor before the Court is one of comparatively recent origin and that according to his claim, the debts were all in 1963. The Act of Donation was made, as previously pointed out, on April 27, 1953, it was made at a time when the husband had substantial employment, where the income to him was in the neighborhood of $20,000.00 a year and at a time, according to the uncontradicted evidence, when the husband had no creditors of any consequence, that all the debts of the community were then being paid and were paid, there were sufficient funds available to the community for living and any other needs that the community might have.
“The Court can reach no other conclusion but that this was a valid act of donation and certainly a label of abatamentum cannot be put on this Act of Donation.
“It was the husband’s intention to protect his wife in any manner possible and certainly it was not his intention to defraud anyone in making the donation that he did make.
“The Court, accordingly, finds that the motion to traverse the inventory is properly taken and so rules and the Notary Public is ordered to eliminate from his inventory as community the property therein described, namely 2144 Brutus St.
Therefore, the judgment rendered in this matter by the District Court on the 7th day of May, 1965, in favor of appellee, Mrs. Maude Ellen Deem, widow of Erasmo O. Trevino, and against appellants, is affirmed; all costs of this proceeding shall be borne by appellant, Cecil B. Pettepher.
Affirmed.