HARDY, Judge.
This is an action by plaintiff husband praying for recognition of his undivided one-half, interest and the partition of certain described property alleged to have been acquired during. the community . of acquets and gains existing between himself and the defendant wife prior to the termination of their marriage and dissolution of the community by final judgment of separation. Defendant in answer denied' the community nature of the real property described in plaintiff’s petition, and, by re-conventional demand, asserted her ownership of such property located in Sabine Parish. After trial there was judgment, inter.alia, in favor of defendant, plaintiff-in-reconvention, recognizing her ownership, as her separate and paraphernal property, of a described forty-acre tract of land located in Sabine Parish, together with the royalty interest to the minerals under the terms of a valid and subsisting oil, gas and *916 mineral lease covering the said property. From this part of the judgment plaintiff has appealed.
The pertinent allegations of defendant’s reconventional demand were that she acquired the property involved prior to her marriage to plaintiff; that subsequent to the marriage, and because of the insistent and coercive influence of her husband, she executed a deed to plaintiff’s stepfather, who, in turn, on the same date executed a conveyance of the same property to his stepson, defendant’s husband and the plaintiff in this suit; that the said transactions were fraudulent and constituted prohibited simulations for which defendant received no consideration.
The opinion of our learned brother of the district court accurately and comprehensively sets forth the pertinent facts established on trial of the case, as well as the citation of authorities which support his conclusions. After examination of the record and study of the legal principles, we so thoroughly approve the findings and conclusions of the trial judge that we adopt that portion of his opinion bearing upon the issue presented as follows:
“In the trial it was shown that Mrs. Wisinger was the owner of the property in question in Sabine Parish prior to her marriage to plaintiff, and that a deed was executed by defendant to A. D. Tucker on October 25, 1962 and A. D. Tucker, on the same day, deeded the property to Edward T. Wisinger and Mrs. Lera Maurice Neel Wisinger, husband and wife, both deeds reciting the consideration as $2,000 cash. Objection was made to the introduction of testimony concerning the execution of the deeds or the consideration recited therein, under the parol evidence rule as set forth in Article 2276 of our Civil Code, but evidence was admitted, subject to the objection, concerning the confection of the two instruments.
“Mrs. Wisinger testified that she and the plaintiff were married on June 16, 1962, and after their marriage Mr. Wisinger kept insisting that she transfer to him a half interest in this property; that he proposed that she sign a deed to his stepfather, A. D. Tucker, and that Tucker would transfer the property back to the two of them. That she conferred with her attorney, Mr. Reuel Boone, and was informed that this was illegal, and that she should not do it; but Mr. Wisinger insisted that this be done and, in order to preserve her marriage, she consented to it. That they went to the office of Mr. Boone and he prepared the papers and they were executed in his office, one following the other, and that no money was ever paid to her and that she and Mr. Wisinger paid nothing to Tucker when he executed the deed to them.
“Mrs. Wisinger further testified that there were two oil wells on the property, and although the checks were received from September, 1962 to September of 1964, they were payable to Mr. and Mrs. Edward T. Wisinger, and that from the money from this production she only received personally the sum of $110, Mr. Wisinger retaining the balance for himself.
“Only one witness appeared in the trial other than plaintiff and defendant, this being Mr. J. Reuel Boone, an attorney at law in Many, Louisiana, and the District Attorney for the parishes of DeSoto and Sabine. Mr. Boone confirmed the testimony of Mrs. Wisinger concerning her consultation with him about the execution of the deeds. Mr. Boone further testified that the deeds were executed in his office and that one deed was signed immediately after the other. He further testified that he had discussed the matter with Mr. and Mrs. Wisinger first, prior to the execution of the deed, and then with Mr. and Mrs. Wisinger and a man who represented himself as A. D. Tucker, and told them that this was an attempt to evade the law and, in his opinion, the deeds were *917 no good; but, unless it was attacked, it would be satisfactory. He also testified that Mrs. Wisinger informed him that she was doing this in order to preserve the marriage, and that the $2,000 recited consideration in the two deeds was not passed in his presence.
“Mr. Wisinger was the only witness appearing in his behalf. He testified that A. D. Tucker is his stepfather, and that he paid Mrs. Wisinger the $2,000 in cash at their home; that he, himself, paid Tucker the $2,000 recited as consideration in the deed that Tucker executed to him and Mrs. Wisinger; that he had $1,000 of this $2,000 which he paid his stepfather, before his marriage, and he borrowed the other $1,000 from the Commercial National Bank and was still paying on this at the time of the trial; and that Tucker held the deed for recordation until after he, Mr. Wisinger, had paid him the $2,000.
“We, frankly, do not believe the testimony of Mr. Wisinger that Mr. Tucker paid Mrs. Wisinger $2,000, or that he paid Tucker $2,000. He admitted on cross-examination that Tucker was here in Shreveport on the date of the trial and he did not call him as a witness; neither did he furnish any evidence of his having borrowed any money from the Commercial National Bank with which to pay Tucker.
“Our Supreme Court, in the case of Smith vs. Smith, 239 La. 688, 119 So.2d 827, has held that any husband and wife who attempt a contract of sale between themselves in regard to a transfer of property in violation of the three permissible categories set forth in Civil Code Article 2446, do so in fraudem legis; and in the case of Robinson v. Allen, [La.App.], 88 So.2d 64, the Court held that a sale could not be effected indirectly by the interposition of a third party. This, of course, is exactly what was done here. Therefore, the parol evidence was not only admissible, but the contracts of sale null and void.
“Counsel for plaintiff contends that it was the intention of the parties that Mrs. Wisinger donate a one-half interest in the property to her husband, and that such donation is legal under the law, and even if we find that the deeds were invalid, that they should stand as a donation, citing the case of Succession of Trevino [La.App.], 180 So.2d 751, where the court upheld a donation from the husband to the wife in the face of a lawsuit by a creditor of the husband to set aside the donation of the husband on the grounds of fraud, the Court in that case citing Civil Code Article 1746.
“It is true that this codal article provides that one of a married couple may, either by marriage contract or during the marriage, give to the other in full property all that he or she might give to a stranger. But Article 1754 not only provides that they may not give to each other indirectly beyond what is permitted by Article 1746, but further provides, ‘all donations disguised, or made to persons interposed, shall be null and void.’ Even if this were to be considered a donation, it was disguised and made to an interposed third person, and therefore null and void.”
By way of further comment we only add the observation that the opinion of Mr. Justice McCaleb in the case of Smith v. Smith, cited supra, conclusively disposes of the legal principles involved in this suit under somewhat similar factual circumstances.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost, and
It is ordered, adjudged and decreed that Lera Maurice Neel Wisinger be and she is recognized as the owner of the property described as:
The Southwest Quarter of Northeast Quarter, Section 18, Township 5 North, *918 Range 12 West, -Sabine Parish, Louisiana, including all royalty interests disclosed by public records, and specifically .1875000 royalty interest therein, under terms of oil, gas and mineral lease covering same.
All royalty revenues produced from said property subsequent to the date October 29, 1964.