GARRISON, Judge.
This appeal arises from a dispute by two creditors over the proceeds of a sale by executory process. The original suit, by New Orleans Federal Savings & Loan Association against Marge Berley Pharr[1] and John Robert Parr, was to foreclose on the mortgage held by the plaintiff on the Parrs’ property at 4534 Cardenas Drive in New Orleans. Termplan Arabi, Inc. intervened in the suit by means of a motion for a rule to show cause, directed against Leon God-chaux Clothing Company, Ltd. Both Term-plan and Godchaux had recorded mortgages against the Parrs’ property inferior to New Orleans Federal’s mortgage. Termplan contended that its mortgage should be paid from the proceeds of the sheriff’s sale in preference to the previously recorded judicial mortgage of Godchaux because the judgment made the basis of Godchaux’s mortgage was one for community debts, which judgment was obtained against the wife only.
The district court denied Termplan’s motion for superior ranking. The judge concluded that although Godchaux’s judgment was null as to the community estate (because obtained only against the wife), the property being foreclosed upon was Mrs. Parr’s separate property and therefore God-chaux’s judicial mortgage was properly superior in rank to Termplan’s subsequently recorded mortgage. Termplan has appealed devolutively.
The only issue on appeal is whether a wife’s separate property, when sold to a third party which is not a lending institution, and then sold by that party back to the wife jointly with her husband, changes its character and becomes community property.
The mortgage note made the basis of the original suit was executed on December 6, 1965 between New Orleans Federal and Paul Ripley Spencer, in connection with Spencer’s mortgage of the property at 4534 Cardenas Drive. On August 29, 1966, Spencer sold the property to Marge Pharr Somers, who paid no cash but assumed the mortgage. She subsequently married John Parr on May 31, 1967.
The transaction around which the controversy here centers is a sale-resale type of transaction which took place on January 31, 1968. On that date, Marge Pharr sold the property to Larry L. Winter, who then sold the property to Marge Pharr and John Parr. In each sale, the buyer assumed the original *CDLXIX mortgage and note between New Orleans Federal and Paul Spencer. No other consideration was recited in the Acts of Sale, and the sale price was the amount of the balance remaining on the mortgage note.
Godchaux’s mortgage arises from a judgment in its favor recorded on June 6, 1968, and obtained in a suit filed against “Mr. John Somers and Mrs. John Somers (also known as Marge or Margie Somers).” Termplan’s mortgage arises from a mortgage in its favor executed by “Marge Berley, wife of/and John Robert Parr” and recorded on October 14, 1976.
As a general proposition, a sale-resale involving a building and loan association does not change the character of separate property; such a transaction is merely a pignorative contract, a device to secure, by means of a vendor’s privilege, the loan made by the homestead association to the mortgagors. See Mayre v. Pierson, 171 La. 1077, 138 So. 163 (1931); Ruffino v. Hunt, 234 La. 91, 99 So.2d 34 (1958); and numerous subsequent cases. Moreover, the courts have also held that a sale-resale involving a person other than a homestead association does not affect the status of the property. See Bagala v. Bagala, 237 La. 60, 110 So.2d 526 (1959); Wisinger v. Wisinger, 192 So.2d 915 (La.App. 2nd Cir. 1966); Succession of Lewis, 157 So.2d 321 (La.App. 4th Cir. 1963). However, in Succession of Daste, 254 La. 403, 223 So.2d 848 (La.1969) and Succession of Russo, 246 So.2d 26 (La.App. 4th Cir. 1971), the courts concluded that the sale-resale transactions in those circumstances had indeed changed the character of the properties involved.
In Succession of Daste, supra, the Supreme Court held that a sale-resale involving a homestead association changed Mr. Daste’s separate property to property owned in undivided halves by him and his wife, although not to community property. The court based its conclusion on evidence that Mr. Daste had clearly intended to donate a one-half interest to his wife. The Daste court stated,
It is clear to us that the parties sincerely intended this result; that the donation was made at a time long prior to the inception of the rights of the creditors whose obligations are sought to be satisfied here and without any intention of avoiding creditors; and the sale and resale transaction, executed before a notary public and two witnesses and signed by decedent and the widow, is clothed with the formalities required by law for the validity of donations inter vivos. These instruments, therefore, though they purport to be sales and resales, are considered as a donation of a one-half interest in the property to the wife by the husband. It is well settled law in this state that an instrument which purports to be a sale of immovables which fails to satisfy the legal requirements as such, may nevertheless suffice as a donation inter vivos if the requirements of law for donations are satisfied. (Citations omitted.) 223 So.2d at 855.
Relying on the Daste case, the Succession of Russo court reached the same result on a sale-resale involving an interposed party who was not a homestead. In both cases, there was evidence of intent to donate.[2]
In the case before us, there is no evidence beyond the documents filed into the record. Neither Termplan nor Godchaux subpoenaed either the Parrs or Mr. Winter to testify. It is obvious on the face of the documents that the Pharr-Winter-Parr sale-resale was not intended as a security device, because there is nothing to show that any loan was made by Winter to the Parrs. Since the transaction was not a security device, it can have been made for no other purpose than to give John Parr an interest *CDLXX in the property, particularly since the conveyance from Winter was expressly made to Marge Pharr and John Parr jointly. Further, there is no proof the transaction was made to defraud creditors: Godchaux’s judgment was recorded six months after the sale-resale, and the record contains no evidence of when the Godchaux’s debt was incurred.
The question remains, however, whether this conveyance made the property part of the marital community, or whether it was a donation of a one-half undivided interest to John Parr and thus became his separate property to the extent of his interest, while the other half remained Marge Pharr’s separate property. We can find no cases in which this type of transaction has been held to make property so reconveyed community property. The rationale underlying the courts’ refusal to recognize a community interest was expressed in Robinson v. Allen, 88 So.2d 64 at 66 (Orl.La.App. 1956):
Were we to hold that the property became an asset of the community of ac-quets and gains because of the omission of any stipulation that it was intended by the borrower that the property was to retain its paraphernal character, such a holding would be tantamount to saying that a wife could by an act of sale make a transfer of her paraphernal property unto her husband. In this state such a sale, except in the cases and for the consideration as provided for in LSA-C.C. Art. 2446, is illegal. (Citation omitted.) And as one spouse is forbidden to acquire the property of the other spouse by direct sale, he cannot do it indirectly through a third person interposed. (Citation omitted.)
In light of this reasoning, we conclude that the solution reached in the Daste case is applicable here, and that the sale by Marge Pharr to Larry L. Winter and the sale by Larry L. Winter to Marge Pharr and John Robert Parr constituted a donation by Marge Pharr of a one-half interest to John Parr. Accordingly, Termplan’s mortgage, as a community debt, has superi- or ranking as to Mr. Parr’s one-half interest, while Godchaux’s judicial mortgage, because obtained against Marge Somers (Pharr) only, has superior ranking as to her interest because it was recorded prior to Termplan’s.[3]
For the reasons above, we reverse the district court’s judgment in part and affirm it in part, recasting it as follows:

DECREE

IT IS ORDERED, ADJUDGED AND DECREED that the motion of Termplan Arabi, Inc. seeking to rank its mortgage recorded on October 14, 1976 superior to that of the Leon Godchaux Clothing Company Limited, recorded on June 6, 1968, is granted as to the proceeds attributable to the one-half undivided interest of John Robert Parr; as to the proceeds attributable to the one-half undivided interest of Marge Berley Pharr, the motion of Term-plan Arabi, Inc. is denied.

REVERSED IN PART, AFFIRMED IN PART, AND RECAST.

. Mrs. Parr’s maiden name is Pharr. She was first married to a Mr. Somers, who died, and she subsequently married John Parr. Thus, her full name is Marge Berley Pharr Somers Parr.

. We note here the reasons for the subterfuge involved in conveying one’s property to one’s spouse. Under present Louisiana law, spouses may not make contracts of sale with each other except under the narrowly designated circumstances of C.C. Art. 2446. Thus, one spouse cannot sell the other spouse a half-interest in his or her separate property. Moreover, because of the forced heirship doctrine in Louisiana, any direct donation of immovable property shown in the chain of title is immediately suspect as an attempt to evade forced heirship laws, so that a donation clouds the title of the property and makes it unmerchantable.

. C.C.P. Art. 735 states that the husband is the proper defendant in an action to enforce an obligation against the marital community. Thus, service and citation on the husband are necessary before community property can be seized. Even where there is a valid substantive community obligation, the husband must be a party defendant in a suit to enforce the obligation. Where the husband is not cited and served, and service is not waived, the proceedings are absolutely null insofar as the community is concerned. Travelers Insurance Co. v. Veal, 280 So.2d 285 (La.App. 3rd Cir. 1973).