GARRISON, Judge.
This appeal arises out of a dispute between two creditors over the proceeds of a seizure and sale by executory process. The original suit, by United Credit Plan of Gret-na, Inc., (appellant) was to foreclose on the mortgage it held on property owned by Mrs. Bobalin Pullen and located at 2204 Farmsite Road in Violet, Louisiana.[1] Bobalin Pullen and husband, Richard Pullen, had executed a promissory note in the sum of $31,900.00 and had given the mortgage as security for the loan. The mortgage in favor of United Credit was recorded on April 6, 1979.
After foreclosure on December 13, 1979, the property was seized by the sheriff and sold on March 5, 1980 to United Credit for $28,334.00 subject to a judicial mortgage in favor of Southern Baptist Hospital (appel-lee) in the amount of $1,445.06 plus interest and costs. La.C.C.P. Art. 2372. The Baptist Hospital mortgage had been recorded on August 11,1978, pursuant to a judgment rendered in First City Court in favor of the hospital and against Richard Pullen, as head and master of the community existing between him and Bobalin Pullen, for medical services rendered to Bobalin Pullen and their child.
Southern Baptist Hospital intervened in the suit when United Credit failed to pay it the amount of its judicial mortgage, and petitioned to either have the sheriff’s sale set aside under La.C.C.P. Art. 2337 or be paid by United Credit the amount of the judgment. United Credit responded with a writ of mandamus to order the inscription of the hospital’s judgment cancelled insofar as it applied to the Farmsite Road property. United Credit based its petition on its contention that the property which was the subject of the seizure and sale was the separate property of Bobalin Pullen, and the judgment made the basis of the hospital’s mortgage was one for a community debt and was obtained against the husband only.
The district court denied United Credit’s petition for writ of mandamus, dismissed the hospital’s rule to set aside the sheriff’s sale, and ordered United Credit to pay Southern Baptist Hospital the amount of its judicial mortgage against Richard Pullen. From that judgment, which we affirm, United Credit has appealed.
The issue raised on appeal is this: whether the property in question was the separate property of Bobalin Pullen or community property, and if separate, whether the seizing creditor and purchaser, United Credit, was required to pay Southern Baptist Hospital the amount of its judgment against Richard Pullen.
Appellant argues that the Farmsite Road property, which Bobalin Pullen had inherited, was her separate property, and that the execution of a mortgage in favor of United Credit by both Bobalin and Richard Pullen did not transform the property into community property. Appellant cites Lazaro v. Lazaro, 92 So.2d 402 (La.App. Orleans 1957) to illustrate the proposition that sale-resale transactions involving a homestead association generally do not change the character of property from separate to community; such transactions are merely devices to secure a loan made by a homestead to the mortgagors by means of a vendor’s privilege. We note that the courts *1057 have also held that a sale-resale involving a person other than a homestead does not affect the status of the property. N.O. Federal Savings and Loan Assn. v. Pharr, 377 So.2d 387 (La.App. 4th Circuit 1979); Succession of Lewis, 157 So.2d 321 (La.App. 4th Circuit 1963). Under some circumstances the courts have concluded that the character of property in sale-resale transactions has changed; however, this appears to be the case only where the court has found evidence of a clear intent to donate.[2]
In the instant case we find no donative intent, nor was there any conveyance of the property; the execution of a mortgage in favor of appellant was simply the placing of an encumbrance on the property with the husband acting as accommodation maker. Therefore, the giving of a mortgage to secure the Pullens’ obligation on the promissory note in no way changed the character of the property. The property remained the separate property of Bobalin Pullen.
Appellant additionally argues that because the property in question is Bobalin Pullen’s separate property, it may not be used to satisfy the debt incurred at Southern Baptist Hospital, which is a community obligation. Appellant cites former Article 2403 of the Louisiana Civil Code, which provides:
“In the same manner, the debts contracted during marriage enter into the partnership or community of gains, and must be acquitted out of the common fund, whilst the debts of both husband and wife, anterior to the marriage, must be acquitted out of their own personal and individual effects.”
Appellant also asserts that jurisprudence interpreting Art. 2403 has held that a community debt is owed by the community estate, and a creditor cannot claim payment out of the wife’s separate property and assets. Succ. of Clark, 27 La.Ann. 269; Brock Furniture Company v. Carroll, 86 So.2d 715 (La.App. 1st Cir.1956). Appellant argues that under Article 2403, debts contracted during marriage are community debts for which the wife is not responsible, so that a judgment in such a case should be rendered only against the husband.
Appellant’s point is well taken; Article 2403 was, in fact, in effect at the time both Southern Baptist Hospital and United Credit recorded their judgments against the Pul-lens. What appellant fails to consider, however, is that Article 2403 was repealed effective January 1,1980. On that date Article 2345 took effect, and controls:
“A separate or community obligation may be satisfied during the community property regime from community property and from the separate property of the spouse who incurred the obligation.”
The date of the sheriff’s sale was March 5,1980, some two months after Article 2345 went into effect. Although the obligation of the Pullens to Southern Baptist Hospital had been incurred and judicially decreed in 1978, that obligation had not been satisfied when Article 2345 became effective. On March 5, 1980, therefore, there existed an outstanding community obligation which was susceptible of being satisfied from the separate property of Bobalin Pullen, the spouse who incurred the debt.[3]
Based on the facts and the applicable law as stated above, we conclude that Southern Baptist Hospital had a judicial mortgage against the Pullens which on March 5,1980 was superior to the mortgage of the seizing creditor. Because the property was sold to appellant subject to the superior lien, the hospital should have been paid the amount of its mortgage by United Credit as purchaser of the seized property.
*1058 We therefore affirm the judgment of the district court.
AFFIRMED.
SCHOTT, J., dissents with written reasons.

. The record indicates that this property was acquired by Bobalin Duhe Pullen in the Succession of Barbara Duhe, recorded COB 137, Folio 567 in St. Bernard Parish.

. See Succession of Daste, 254 La. 403, 223 So.2d 848 (La. 1969); Succession of Russo, 246 So.2d 26 (La.App. 4th Cir. 1971).

. Appellant suggests that even if Art. 2345 is found to be the applicable law, the obligation to the hospital was incurred by Richard Pullen, not by his wife, and that the debt could not, therefore, be satisfied out of her separate property. This argument must fail because the obligation to pay the hospital clearly arose after Bobalin Pullen was admitted to Baptist for the delivery of the couple’s child and received medical services there.