PONDER, Justice.
 

 The plaintiff, the First National Bank of Abbeville, Louisiana, brought suit against the defendant, Ursin B. Broussard, seeking to recover on a note secured by a special mortgage, calling for the sum of $1,829.37 with 8% per annum interest from December 1, 1934, until paid and an additional amount of 10% upon such principal and interest as attorneys’ fees. The plaintiff is proceeding via ordinaria. A default judgment was rendered against the defendant for the amount of the note, recognizing the special mortgage, and ordering the mortgaged property sold to satisfy the judgment.
 

 Upon the issuance of a writ of execution, the sheriff seized the property, and the heirs of Marie Rosa Broussard, the deceased wife -of the defendant mortgagor, interposed an intervention and third opposition, alleging that they were the owners of an undivided one-half interest in the mortgaged property as heirs of Marie Rosa Broussard, deceased, and that the defendant • was without authority to execute the mortgage insofar as their interests in the property were concerned. They asked to be recognized as the owners of an undivided one-half interest in the property; that -the seizure be set aside as to their one-half interest in the property, and for .$500 as attorneys’ fees on account of the illegal seizure of their interests in the property.
 

 In answer to the intervention, the plaintiff bank denied that the intervenors had an interest in the seized property except a residuary interest ’ after the payment of the debts of, the community existing between Ursin B. Broussard and his deceased wife. The bank 'alleged that the debt for which the noté and mortgage were given was a community debt. By way of reconvention, the bank alleged that the intervenors made themselves liable for the debts of the community by accepting the succession of Marie Rosa Broussard, deceased wife of Ursin B. Broussard, im eluding the debt represented by the note and mortgage, and asked for judgment in reconvention against the heirs of the deceased Marie Rosa Broussard for one-half of the amount of the note, interest, attorneys’ fees and costs, with recognition of the right to proceed against the seized property for the payment of the community debt.
 

 The case was tried on an agreed statement of facts. The trial court gave judg
 
 *320
 
 ment in favor of the bank and against the intervenors, rejecting their demands; decreeing the debt sued on to be the debt of the community of Ursin B. Broussard and his deceased wife, and decreeing each of the intervenors liable for his or her virile share of one-half of the debt as heirs of Marie Rosa Broussard, deceased, with recognition of the right of the bank to proceed against the property to enforce the payment of the debt. From this judgment, the intervenors appealed to the Court of Appeal, First Circuit. On appeal, the judgment of the lower court was reversed and set aside, and the intervenors were decreed to be the owners of an undivided one-half interest in the property. The seizure of the property was set aside insofar as the undivided one-half interest of the intervenors was concerned, and the note and mortgage, forming the basis of the judgment rendered in the lower court, were decreed null and void insofar as they affected the interests of the intervenors. The reconventional demand of the bank was dismissed as in case of non-suit, reserving the right of the bank to proceed against the intervenors in an appropriate action. The plaintiff bank applied to this Court for the writs 'of certiorari and review which were granted. The cause is now submitted for our determination.
 

 It appears from the agreed statement of facts that the property involved herein belonged to the community of Ursin B. Broussard and his deceased wife, Marie Rosa Broussard. The intervenors accepted the succession of Marie Rosa Broussard, deceased, unconditionally and were placed in possession of an undivided one-half interest in this property prior to the filing of the intervention herein.
 

 Prior to the death of Marie Rosa Broussard, Ursin B. Broussard was an accommodation endorser on three notes payable to' the plaintiff bank, viz.,'(1) a note of Ernest Broussard calling for $200 which was also endorsed by Vilia Romero; (2) a note of Odey Romero calling for $400 also endorsed by Vilia Romero; and (3) a note of Arthur Harrington calling for $1,054.74 which was also endorsed by Ernest Broussard and Odey Romero. Under the provisions of the notes, the makers and endorsers bound themselves in solido for their payment.
 

 Marie Rosa Broussard died sometime in December, 1926. After her death, the three notes were renewed from time to time, and finally on December 29, 1930, Ursin B. Broussard executed a note to the plaintiff bank and a mortgage to secure it on the community property involved herein. Upon the execution of the mortgage note and mortgage on the community property by Ursin B. Broussard, the' bank transferred to him the three notes originally endorsed by him.
 

 From the facts in this case, it is readily seen that Ursin B. Broussard has changed the liability on the community obligation, as it existed at the time of his wife’s death, from that of an accommodation endorser of the three notes to a primary obligation on his part as maker of the mortgage note, which he has attempted to secure by a special mortgage on the community property, an undivided one-half interest of which is owned by the interven
 
 *322
 
 ors as the heirs of Marie Rosa Broussard, without authority from ■ the heirs to execute a note binding upon them, or a mortgage upon their interest in the property.
 

 Without question, the community property is liable for the community debts, and the surviving husband has the’ right to administer the community property as well as to make bona fide settlements of the debts of the community. In settling and adjusting the debts of the community, he has the right to give renewal notes and to procure extensions and compromises on community obligations as well as to acknowledge and keep alive the obligations of the community.
 

 However, .“after the dissolution of the community by the death of the wife the husband is without authority to mortgage the property of the community. Bennett v. Fuller, 29 La.Ann. 663; Owen v. [M.] Hanlon’s Sons, 136 La. 455, 67 So. 329; Broussard v. Bernard, 7 La. [216], 222.” Harman & Stringfellow v. Legrande, 151 La. 253, 91 So. 726, 728.
 

 The mortgage note and the mortgage insofar as they affect the interests of the heirs of Marie Rosa Broussard are not binding on the heirs for the reason that Ursin B. Broussard had no authority from them to execute a note binding upon them or to mortgage their interests in the property. Harman & Stringfellow v. Legrande, supra.
 

 The many decisions of this Court cited by the relator with the exception of Studebaker Bros. Mfg. Co. v. Endom, 51 La. Ann. 1263, 26 So. 90, 72 Am.St.Rep. 489, involve administrative functions of the surviving husband in community and his right to settle and adjust community debts including the execution of new notes in renewal of old ones, and the adjustments and renewals so made remain obligations of the community payable out of the community property. We have recognized such authority in this opinion.
 

 In the Studebaker case, three notes were given during the existence of the community. Shortly after the wife died, the husband executed four notes replacing old ones with a special mortgage on certain property belonging to the community to secure them. The mortgagee obtained judgment on the notes and mortgage against the husband, the mortgagor. The heirs were not parties to the suit. The mortgagee was not able to realize on his judgment and brought suit against the heirs and the husband of the deceased wife. The defense to this suit was to the effect that the debt was extinguished by novation, and consequently the heirs’ interests in the community were thereby released. It was held therein that there was no intention to release the estate of the deceased wife or to novate the debt. The case is not in point for the reason that the sole question involved therein was whether or not the debt had been extinguished by novation.
 

 The reconventional demand of the bank, urged in its answer to the intervention, is to the effect that the debt represented by the note and mortgage should be recognized as a community debt; that the intervenors as heirs of the deceased spouse should be condemned for one-half of the
 
 *324
 
 amount of the note, interest an;i attorneys’ fees; and that the community property should be decreed subject to the payment of the debt.
 

 The decree of the Court of Appeal rejecting the reconventional demand is proper for the reason that the heirs were not made parties to the suit resulting in the judgment under which the present seizure was made, and the issues are not sufficiently presented to determine the present nature and extent of the liability.of the community, if any, on the obligations of the community as they existed at the time of the death of Marie Rosa Broussard. The plaintiff bank’s right to proceed against the heirs in an appropriate' suit has been re-. served.
 

 For the reasons assigned, the judgment of the Court of Appeal, First Circuit, is affirmed, and the writs are recalled at relator,’s cost.