This is a suit on open account wherein plaintiff, the proprietor and sole owner of a hardware establishment, seeks to recover from defendants, husband and wife, alleging that they are obligated, jointly, severally and in solido, for payment of said account.
An exception of no cause or right of action was filed on behalf of the defendant wife, Mrs. Ada Trimble, which exception was sustained, and it is from this judgment that plaintiff brings this appeal.
Plaintiff's petition alleges that the merchandise, consisting of household goods and furnishings, was purchased by defendants; that defendants had the use and enjoyment of the property since its purchase, and that the purchased property constituted necessaries for the payment of which the defendant husband was responsible. Plaintiff claims a vendor's lien and privilege upon the merchandise, but no sequestration was sought. In the alternative, in the event the defendant husband should not be held liable, plaintiff prayed for judgment against the defendant wife "by reason of her use and enjoyment of the said merchandise following her separation from her said husband".
Accepting the allegations of the plaintiff's petition as true, for the purpose of disposing of the exception, it is apparent that one or the other of defendants purchased said merchandise, which was charged to an account that had been used for several years by both husband and wife.
[1, 2] Under the provisions of Article 2403 of the Civil Code and the jurisprudence bearing on said article, it is well established that debts contracted during marriage are community obligations for which the wife is not personally liable. It is elementary that the husband as head and master of the community is responsible for its obligations and debts.
Counsel for plaintiff, while earnestly and zealously opposing the correctness of the judgment appealed from, relies upon only one case as authority, namely, Kennedy v. Bossiere (Bossiere v. Kennedy et al.), 16 La. Ann. 445. Counsel cites the above case in support of his claim that a debt made during marriage is a debt of the wife or of the husband for which one or the other must be liable. We do not find that the cited case is applicable since the facts *Page 766 
thereof show that the husband and wife were separate in property, the obligation sued on was a promissory note executed by the wife, and secured by a mortgage upon property of both the husband and the wife. Under these circumstances, there could be no question as to the liability of both husband and wife, but in the case before us the facts as disclosed by plaintiff's petition are entirely different. There is no question of separation of property, nor is there any showing which would negative the existence of a community of property at the time of the contraction of the debt.
[3] We are thoroughly in accord with the holding that plaintiff's petition has disclosed no cause or right of action against the wife, and, accordingly, the judgment appealed from is affirmed at plaintiff's cost.