86 So.2d 715 (1956)
BROCK FURNITURE COMPANY
v.
Jessie P. CARROLL et ux.
No. 4188.
Court of Appeal of Louisiana, First Circuit.
March 20, 1956.
Rehearing Denied April 27, 1956.
France W. Watts, Jr., Franklinton, for appellant.
Richardson & Richardson, Bogalusa, for appellees.
LOTTINGER, Judge.
Petitioner brought suit against the defendants in the sum of $603.59 representing the balance due on two promissory notes executed by defendant Jessie P. Carroll and which are secured by Chattel Mortgages. Defendants filed answer alleging that the chattel secured by one of the mortgages was defective. The Lower Court awarded judgment in favor of petitioner, and the defendants appeal.
The petition alleges that petitioner is the holder of two promissory notes, both of which were executed and endorsed by defendant Jessie P. Carroll. One of the notes is secured by a Chattel Mortgage on a Frigidaire Refrigerator, and the other note is secured by a Chattel Mortgage on a Frigidaire Home Freezer. Petitioner claims a balance due and owing on said notes in the amount of $603.50, with 8% per annum as interest from November 20, 1954, until paid, plus 25% as attorney fees, and for all costs. The defendant filed answer admitting that the Frigidaire Refrigerator was in good condition, but claims that the Home Freezer has always been defective and unfit for use as a home freezer, and pray that they be given credit for the purchase price of the freezer and that the note and chattel mortgage on same be cancelled.
Although the notes and chattel mortgages were executed by defendant, Jessie P. Carroll, petitioner claims that the debt sued upon is a community debt and that both Jessie P. Carroll and his wife, Edith *716 Carroll, should be held, jointly, severally and in solido, liable for same. In the answer, the defendants admit that the debt is a community one, but claim that only the husband, as head and master of the community, is the proper party defendant, and that the wife is an improper party to the proceeding.
The Lower Court awarded judgment against both the husband and wife, as prayed for in petitioner's petition. The defendant has filed this appeal.
The facts show conclusively that the purchases were made for the community of acquets and gains existing between Jessie Carroll and his wife. However, the notes and chattel mortgages were only signed by Jessie Carroll. Under the provisions of Article 2403 of the LSA-Civil Code, it is well established that the debts contracted during marriage are community debts for which the wife is not individually responsible. See Ward v. Trimble, La.App., 20 So.2d 765, and Ellis v. White, La.App., 71 So.2d 640. Under the judgment as rendered below, execution could be had against the separate and paraphernal property of Mrs. Carroll, as she was liable jointly, severally and in solido under the said judgment. We feel that Mrs. Carroll was an improper party to the proceeding, and that the judgment below should have been rendered only against the husband, provided that the indebtedness was shown by the facts.
As to the merits of the case, the Lower Court found that the freezer was not so defective as to deny recovery on the part of petitioner. As to the condition of the freezer, the Lower Court said:
"At the time of the trial of this matter the defendant produced several witnesses to show that this home freezer would sweat on the top and outside of the box at various intervals, causing water to drip off said box and onto the floor. He made complaints to the plaintiff concern about this condition and the plaintiff sent its Service Man, Mr. Fergeson, to the defendant's home on several occasions in order to ascertain what was wrong with the home freezer. The testimony of Mr. Fergeson, the service man, shows that on the several visits which he made to the defendant's home the box was not sweating and he could find nothing wrong with it. However, the defendant continued to complain and the plaintiff then agreed to take the box back to its place of business and dismantle it in order to ascertain if there was anything wrong with the insulation. This was done, and finding nothing wrong, and after operating the box and determining that it did not sweat, the plaintiff sought to return it to the defendant, but he refused to accept it, because as he stated, the plaintiff found nothing wrong and he knew it would continue to sweat if the condition had not been corrected.
"The evidence was so conflicting at the time of the trial on May 13, 1955, that I continued the matter until the June term of the Court and ordered the plaintiff concern to deliver the home freezer to the Sheriff's office in Washington Parish in order to make a test of said home freezer to determine whether or not it sweated to a sufficient extent that it was not fit for the purposes for which it was sold. In compliance with my order the plaintiff concern delivered the home freezer to the Sheriff's office on May 16, 1955, where it remained until June 6, 1955, at which time a second hearing was held in regard to this matter. While the freezer was in the Sheriff's office, or on the 24th day of May, I had half a beef placed therein, in order that it would be operated under the same conditions as in the home. The deputy sheriff, Mr. Goff, kept a tabulation on this home freezer the whole time it was in the Sheriff's office and connected. The morning of the fourth day after the box had been placed in the Sheriff's office Mr. Goff testified he noticed water on the floor and he called both of the attorneys in this matter in regard *717 to same. The service man from the plaintiff concern came to the Sheriff's office and made an adjustment, releasing some two or three ounces of gas from said freezer. He explained the reason he did this was because if there was too much gas in the freezer it would cause the suction line from the compressor to the freezing unit to thaw up and after the box got sufficiently cold and the motor stopped running, this suction line would thaw out and water would drip on the floor. He was apparently right in this because after the adjustment was made, the two or three ounces of gas released from the unit, there was no more trouble experienced from water accumulating on the floor under the box. This is shown both by the testimony of Mr. Goff, as well as the tabulation kept by him and introduced in evidence. I might add that at no time did the box sweat on the exterior thereof while in the Sheriff's office. The testimony of the defendant and his witnesses, of course, shows the box actually sweated on its exterior while it was in his home. It is strange to me that this box would have sweated in the defendant's home on the exterior as contended by the defendant if no evidence of this sweating appeared in the Sheriff's office for a period of twenty-one days. With the exception of the two or three ounces of excess gas being present and which condition was corrected and satisfactorily explained by the service man Fergeson, this freezing unit operated perfectly in the Sheriff's office for the whole time it was placed therein, and the food that was in this box was in a frozen condition when taken therefrom. I am satisfied that the box is fit for the purpose it was intended, and I am accordingly of the opinion that the defendant is indebted to the plaintiff in the amount herein sued for."
Now the law as regards redhibitory vices is set forth in Article 2520 of the LSA-Civil Code which provides:
"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
The burden of proving said vices and defects is upon the purchaser. Article 2530 of the LSA-Civil Code. The Lower Court held that the freezer was fit for the purpose for which it was purchased, and we are unable to find error in its holding. Certainly the minor defect found in the freezer was not such as to permit avoidance of the sale under the provisions of Article 2520.
For the reasons assigned the judgment of the Lower Court will be amended so as to omit the defendant Edith Carroll therefrom, and as amended said judgment will be affirmed. All costs are to be paid by defendant.
Amended and affirmed.