117 So.2d 673 (1960)
L. R. SMITH, d/b/a Smitty's Super Market, Plaintiff-Appellant,
v.
Mrs. Harry L. VISER, Jr., Defendant-Appellee.
No. 9151.
Court of Appeal of Louisiana, Second Circuit.
January 26, 1960.
*674 Love & Rigby, Shreveport, for appellant.
Mecom, Scott & Despot, Shreveport, for appellee.
HARDY, Judge.
This is an action by plaintiff on open account for the amount of merchandise sold and delivered. Plaintiff's petition sought judgment against Mrs. Harry L. Viser, Jr., and also prayed for the reservation of his rights against Harry L. Viser, Jr. From judgment sustaining an exception of no right and no cause of action against the defendant, Mrs. Harry L. Viser, Jr., and rejecting plaintiff's demands, he prosecutes this appeal.
Counsel for defendant-appellee has not favored this court with brief or argument, but it is obvious that the exception was aimed at the proposition that the named defendant was a married woman who could not be sued for a community obligation.
It is probable that there are no principles more elementary, more fundamental, more firmly imbedded in the law of Louisiana, and more clearly understood, than the principles that the wife is not personally liable for a community debt; that the husband is the head and master of the community, and that creditors thereof must obtain satisfaction of their claims from the husband who is individually liable for community debts, or, in certain instances, by proceeding against the community property. See LSA-C.C. Article 2403.
Though the above principles need no citation of authority, we, nonetheless, point out that this court squarely decided the issue presented in the instant case in Ward v. Trimble, La.App., 20 So.2d 765. (Cited by the Orleans Court of Appeal in Rouchon v. Rocamora, La.App., 84 So.2d 873, and by the First Circuit Court of Appeal in Brock Furniture Co. v. Carroll, La.App., 86 So.2d 715).
Counsel for defendant argues that the petition does not justify the conclusion that the defendant was a married woman and that the merchandise purchased was bought for the community as necessaries. In other words, it appears that counsel seeks to rely upon the very paucity of allegations contained in plaintiff's petition. We think the petition setting forth the purchases of merchandise by Mrs. Harry L. Viser, Jr., and praying for reservation of plaintiff's rights against Harry L. Viser, Jr., must be conclusively presumed to allege the existence of the marital relationship between the named parties, and it follows that the well-established principles of law above noted must be applied.
*675 Alternatively, in brief before this court, counsel for plaintiff urged that plaintiff be given leave to amend his petition, citing the holding of the Supreme Court in United Carbon Co. v. Mississippi River Fuel Corporation, 230 La. 559, 89 So.2d 122. We are completely in accord with the principle announced in the cited case upholding the preservation of substantive rights and disregard of subtle technicalities. Nevertheless, it must be pointed out that the allowance of an opportunity to supply necessary allegations of a petition cannot be considered appropriate to the present action in which the recitals of the petition clearly establish the marital status of the defendant. In other words, the exception in the present suit must be sustained, not on the ground of an insufficiency of allegations, but upon the inescapable conclusion that must be drawn therefrom.
The judgment appealed from is affirmed at appellant's cost.