MARY C. LEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; EDWARD C. LEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lee v. Commissioner
Docket Nos. 3992-78, 3993-78, 9669-78, 9670-78.
United States Tax Court
T.C. Memo 1981-26; 1981 Tax Ct. Memo LEXIS 725; 41 T.C.M. (CCH) 747; T.C.M. (RIA) 81026; January 26, 1981. *725 Held, 1. Petitioners' gross income determined. 2. Edward C. Lee is not entitled to claimed educational and travel expense deductions. 3. Edward C. Lee is not entitled to claimed miscellaneous deductions. 4. Imposition of additions to tax under sec. 6651(a) and sec. 6653(a) sustained. 5. Petitioners may not compute their income taxes pursuant to the joint return tax rates of sec. 1(a). 6. Edward C. Lee is not entitled to claim personal exemptions for his wife, Mary C. Lee, for 1972, 1973, and 1974. Gary J. Joslin, for the petitioners. Wayne R. Appleman, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: In these consolidated cases, respondent determined deficiencies in petitioners' Federal income taxes and imposed additions to tax as follows: Petitioner
Docket No.
Year
Deficiency
Mary C. Lee
3992-78
1972
$ 0
1973
884.00
1974
6,069.55
Edward C. Lee
3993-78
1972
15,455.85
1973
11,814.64
1974
6,069.55
Mary C. Lee
9669-78
1975
7,93.00
Edward C. Lee
9670-78
1975
7,494.00
Additions to Tax
[1] *726 Sec. 6651(a)
Sec. 6653(a)
Mary C. Lee
0
0
0
0
0
0
Edward C. Lee
1,358.15
772.79
2,347.73
590.73
1,356.44
303.48
Mary C. Lee
597.50
375.00
Edward C. Lee
597.50
375.00
After concessions, the remaining issues for decision are: 1. Whether petitioners had gross income as determined by respondent for 1972 through 1975. 2. Whether Edward C. Lee is entitled to claimed educational expense deductions for 1972 and 1973. 3. Whether Edward C. Lee is entitled to claimed travel expense deductions for 1972 through 1975. 4. Whether Edward C. Lee is entitled to claimed miscellaneous deductions for 1972, 1973, and 1974. 5. Whether petitioners are liable for additions to tax under section 6651(a) and section 6653(a). 6.Whether petitioners may compute their Federal income taxes for 1972 through 1975 pursuant to the joint return tax rates set forth in section 1(a). 7. Whether Mr. Lee is entitled to personal exemptions for his wife for 1972, 1973, and 1974. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners Edward C. Lee and Mary C. Lee, husband and wife, resided in Port Angeles, Washington, when they filed their petitions in this case.Petitioners have resided in Washington, a community property state, since September 1973. Petitioners *727 jointly filed a Form 1040 (U.S. Individual Income Tax Return) and a Form 1040X (Amended U.S. Individual Income Tax Return) with the Internal Revenue Service for the calendar year 1972. Mr. Lee separately filed a Form 1040 and a Form 1040X with the Internal Revenue Service for each of the calendar years 1973, 1974, and 1975. Mrs. Lee did not file returns for those years. On March 16, 1973, the Internal Revenue Service received the Form 1040 filed by petitioners for 1972. This Form 1040 was signed by both petitioners and stated only their names, address, and social security numbers. The remaining spaces had lines drawn through them, and the perjury statement was deleted. In addition, the 1972 Form 1040 contained a statement objecting to the questions thereon, including assertions of an invasion of privacy in violation of the Fourth Amendment and possible self-incrimination in violation of the Fifth Amendment. This statement also maintained that petitioners had no income in constitutionally lawful dollars redeemable in silver and gold. Documents attached to the 1972 Form 1040 raised various constitutional and political objections to Federal income taxation. On March 1, 1974, and *728 April 18, 1975, respectively, the Internal Revenue Service received the Form 1040's filed for 1973 and 1974. Both Form 1040's contained Mr. Lee's name, address, social security number, occupation, and signature. The remainder of the 1973 Form 1040 was identical to that filed for 1972. Attached to the 1973 Form 1040 were documents similar to those appended to the 1972 Form 1040 and a Form W-2 (Wage and Tax Statement) from Delta Airlines (hereinafter Delta). This Form W-2 stated that Mr. Lee had received "wages, tips and other compensation" of $ 39,064.85 from Delta during 1973. Most of the 1974 Form 1040 was covered by a "petition to the Government for a redress of grievances in accordance with the United States Constitution * * * and other laws" which set forth objections paralleling those recited in the 1972 and 1973 Form 1040's. This "petition" covered the first line of the perjury statement, including the words "under penalties of perjury." The portion of the 1974 Form 1040 that was not covered was blank, except that it showed wages, salaries, tips, and other employee compensation of zero "U.S. Dollars" and an overpayment and refund due of "Federal Reserve Notes of 1287.58." *729 On October 31, 1975, the Internal Revenue Service received the Form 1040X's filed for 1972, 1973, and 1974. Each of these Form 1040Xs claimed adjusted gross income and tax liability of "$ 0," and were signed under penalties of perjury by Mr. Lee. No other information regarding Mr. Lee's income and expenses for 1972, 1973, and 1974 was provided. On April 13, 1976, the Internal Revenue Service received both the Form 1040 and the Form 1040X filed for 1975. On the 1975 Form 1040, Mr. Lee supplied his name, address, social security number, occupation, filing status (married filing separately), and exemptions. The 1975 Form 1040 stated that Mr. Lee had sick pay and moving expenses of zero, and wages, salaries, tips, and other employee compensation, alimony received, and total tax payments and credits of zero in "Constitutional Dollars of Silver and Gold." This Form 1040 recited constitutional objections in refusing to provide any further information. Attachments to the 1975 Form 1040 leveled constitutional and political objections against the internal revenue system. The 1975 Form 1040X stated that Mr. Lee had adjusted gross income of zero in "Constitutional Dollars of Silver and *730 or Gold," and provided no other information regarding Mr. Lee's income and expenses. Mr. Lee signed both the 1975 Form 1040 and the 1975 Form 1040X under penalties of perjury. From 1972 through 1975, Mr. Lee was a pilot for Delta. For the years in issue, he received the following compensation from Delta: Year
Compensation
1972
$ 35,314.81
1973
39,604.85
1974
43,498.00
1975
50,073.04
During 1972, Mr. Lee was also a pilot for the Alabama Air National Guard and received compensation therefor of $ 4,336.73. During 1972, Mrs. Lee was a stewardess for Delta and received compensation therefor of $ 907.60. Mrs. Lee was not gainfully employed during 1973, 1974, and 1975. In 1972 and 1973, Mr. Lee incurred educational expenses of $ 1,228.64 and $ 1,649.64, respectively, for helicopter flight training. During the years in issue, Mr. Lee flew DC 9's and Convair 880's for Delta. Delta provided whatever training was needed to fly their aircraft and did not require Mr. Lee to take the helicopter flight training. While Mr. Lee was qualified to fly many conventional aircrafts, he was not qualified to fly helicopters prior to acquiring the helicopter flight training. Upon completing the training, however, *731 he passed an examination which qualified him to fly helicopters commercially. Respondent sent separate notices of deficiencies to Mr. and Mrs. Lee for each of the years in issue. In the notices of deficiencies, respondent determined that petitioners had gross income for the years in issue as follows: Petitioner
Year
Gross Income
Mr. Lee
1972
$ 39,651.54
1973
33,004.04
1974
21,749.00
1975
25,037.00
Mrs. Lee
1972
907.60
1973
6,600.81
1974
21,749.00
1975
25,036.00
Although Mrs. Lee was not gainfully employed during 1973, 1974, and 1975, respondent determined that she had gross income equivalent to her one-half share of the community income received by her husband for those years. Finally, after allowing each petitioner a standard deduction and one personal exemption for each of the years in issue, and the personal exemption credit for 1975, respondent determined deficiencies, using the married filing separate returns tax rates, and imposed additions to tax under section 6651(a) and section 6653(a) as set forth at the outset of this opinion. OPINION Issue 1: Gross Income
Essentially, petitioners contend that the Federal Reserve notes they received as income for the years in issue are not reportable as *732 income at their face value. We have, however, consistently held the Federal Reserve notes constitute income at face value. [2] See Hatfield v. Commissioner,68 T.C. 895, 897 (1977); Sibla v. Commissioner,68 T.C. 422, 430-431 (1977), affd. without discussion of the issue 611 F. 2d 1260 (9th Cir. 1980); Gajewski v. Commissioner,67 T.C. 181, 193-194 (1976), affd. without opinion 578 F. 2d 1383 (8th Cir. 1978); Cupp v. Commissioner,65 T.C. 68, 84 (1975), affd. without opinion 559 F. 2d 1207 (3d Cir. 1977). While tax protesters continue in ever increasing numbers to unnecessarily burden us with their ludicrous arguments, this Court is currently confronted with a growing number of legitimate controversies which deserve careful and expeditious consideration. We will not waste our resources on hollow arguments which have been considered and rejected on numerous occasions. The proper forum for tax protesters to air their grievances against our system of taxation is Congress and not this Court. Accordingly, we hold that for the years in issue petitioners had gross income as determined by respondent. Issue *733 2: Educational Expenses
Mr. Lee maintains that the educational expenses he incurred for helicopter flight training during 1972 and 1973 are deductible as ordinary and necessary business expenses under section 162. To the contrary, respondent claims that those expenses are nondeductible personal expenses under section 262. Section 1.162-5(a), Income Tax Regs., provides that educational expenses are deductible as ordinary and necessary business expenses if the education: (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. Nevertheless, if the education is either (1) required of the taxpayer to meet the minimum educational requirements for qualification in his employment or (2) part of a program of study which will lead to qualifying the taxpayer in a new trade or business, then the educational expenses are nondeductible even though such education maintains or improves required *734 skills or is needed to retain employment. Sec. 1.162-5(b), Income Tax Regs.Davis v. Commissioner,65 T.C. 1014, 1017-1020 (1976). We have already found that the helicopter flight training was not required by Delta. In addition, Mr. Lee has not proved to the Court's satisfaction that the flight training maintained or improved the skills required in his employment. Delta provided the training required to fly their aircraft. Although Mr. Lee testified that the helicopter flight training was of some value to him in his employment with Delta, this self-serving testimony alone does not satisfy his burden of proof. See Rule 142(a), Tax Court Rules of Practice and Procedure.
Moreover, we are convined that the helicopter flight training was part of a program of study leading to Mr. Lee's qualification in a new trade or business. For purposes of determining the deductibility of an educational expenditure, this Court has held that "[if] substantial differences exist in the tasks and activities of various occupations or employments, then each such occupation or employment constitutes a separate trade or business." Davis v. Commissioner,supra at 1019.See also Grover v. Commissioner,68 T.C. 598, 601 (1977). *735 While Mr. Lee was a qualified pilot of certain conventional aircraft, he was not qualified to fly helicopters before he acquired the helicopter flight training. Consequently, we find that there were substantial differences between these occupations and, therefore, a helicopter pilot is in a different trade or business than is an airplane pilot. See Glenn v. Commissioner,62 T.C. 270, 275 (1974). Accordingly, we hold that Mr. Lee's helicopter flight training expenses are nondeductible personal expenses under section 262. Issue 3: Travel Expenses
According to Mr. Lee's testimony, he incurred the following travel expenses in connection with an investment in a corporate enterprise, Spellbound U.S.A., during the years in issue. Year
Amount
1972
$ 1,049.14
1973
258.82
1974
145.59
1975
81.91
During the trial of the instant case, Mr. Lee also claimed he incurred travel expenses of $ 290 in 1975 in connection with the purchase of a seaplane. Although respondent concedes the amount of the claimed expenditures, he maintains that Mr. Lee is not entitled to deduct the claimed travel expenses because he has not satisfied all the requirements of section 274(d). We agree. Section 274(d) provides that no *736 deduction shall be allowed for travel expenses under section 162 or section 212 unless the taxpayer substantiates with adequate records or sufficient evidence corroborating his own statement (1) the amount, (2) time and place, and (3) business purpose of the expense. Mr. Lee's testimony was the only evidence offered in support of the claimed travel expenses. This is not sufficient to satisfy the requirements of section 274(d). Accordingly, we hold for respondent on this issue.
Issue 4: Miscellaneous Deductions
In addition to the claimed educational and travel expense deductions, Mr. Lee also claimed other miscellaneous deductions for 1972, 1973, and 1974 on the petition he filed for those years. Respondent has stipulated that Mr. Lee is entitled to some of these deductions. No evidence, however, was offered by Mr. Lee in support of the miscellaneous deductions to which respondent has not stipulated. Accordingly, since Mr. Lee has not satisfied his burden of proof, he is not entitled to the claimed miscellaneous deductions in excess of the amounts to which respondent has stipulated. Issue 5: Additions to Tax Under Section 6651(a) and Section 6653(a)
Respondent imposed additions *737 to tax under section 6651(a) and section 6653(a) against Mr. Lee for each of the years in issue and against Mrs. Lee for 1975. Section 6651(a) imposes an addition to tax for failure to timely file a return unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect. Section 6653(a) imposes an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations. Respondent maintains that the Form 1040 and Form 1040X filed by petitioners for 1972 and those filed by Mr. Lee for 1973, 1974, and 1975 were not income tax returns within the meaning of the Internal Revenue Code and, therefore, Mr. Lee has failed to timely file returns for each of the years in issue. It is well established that a document filed as a return will not constitute a "valid return" unless it contains sufficient information from which respondent can compute and assess a tax liability. Commissioner v. Lane-Wells Co.,321 U.S. 219 (1944); Hatfield v. Commissioner,supra at 898; Cupp v. Commissioner,supra at 79. This Court has held that a return within the meaning of the statute must "state specifically the amounts of gross *738 income and the deductions and credits claimed." Conforte v. Commissioner,74 T.C. 1160, 1195 (1980). See also Sanders v. Commissioner,21 T.C. 1012, 1018 (1954), affd. 225 F. 2d 629 (10th Cir. 1955). Furthermore, a return must be signed under penalties of perjury to constitute a "return" for purposes of the Internal Revenue Code. Cupp v. Commissioner,supra at 78-79; Vaira v. Commissioner,52 T.C. 986, 1005 (1969), revd. on other grounds 444 F. 2d 770 (3d Cir. 1971). In the instant case, it is clear that the documents filed as returns with the Internal Revenue Service did not contain sufficient information to constitute valid returns. See Cupp v. Commissioner,supra.[3] Indeed, these alleged returns represent blanket refusals by petitioners to supply any information regarding their income and expenses cloaked in a veil of frivolous objections. See United States v. Daly,481 F. 2d 28, 30 (8th Cir. 1973); Conforte v. Commissioner,supra;Cupp v. Commissioner,supra at 79-84. Moreover, the Form 1040's filed for 1972, 1973, and 1974 were not signed under penalties of perjury and, therefore are not valid returns for that fact alone. Accordingly, we find that Mr. Lee failed to timely *739 file returns for each of the years in issue. The holding in United States v. Long,618 F. 2d 74 (9th Cir. 1980), does not require a different result under our rule established in Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F. 2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). In Long, the Court of Appeals for the Ninth Circuit, to which an appeal from our decision lies, held that Form 1040's on which the taxpayer had inserted zeros in the spaces provided with respect to income (i.e., Gross Income, Adjusted Gross Income, and Taxable Income) constituted valid returns. In the opinion of the Ninth Circuit, the Form 1040s in issue therein were returns because they were not blank, but instead provided information, albeit false, in the form of zeros from which some computation of the tax liability was possible. Compare United States v. Smith,618 F. 2d 280 (5th Cir. 1980). Herein, however, the documents filed as returns did not even provide sufficient false information to make any such computation. None of the alleged returns provided a figure for gross income or taxable *740 income. See Conforte v. Commissioner,supra.
We hold that petitioners are liable for the additions to tax imposed under section 6651(a) and section 6653(a). The record clearly establishes that Mr. Lee's failure to file returns and his underpayments of tax were due to his willful refusal to comply with rules and regulations. See Cupp v. Commissioner,supra at 81. We have found as a fact that Mrs. Lee did not file a return for 1975. The only explanation offered by Mrs. Lee for this failure to file and for her underpayment of tax was that she relied on her husband to deal with these matters. This is not enough to satisfy her burden of proving that she is not liable for the additions to tax imposed by respondent. See Bagur v. Commissioner,66 T.C. 817, 823-824 (1976), remanded on other grounds 603 F. 2d 491 (5th Cir. 1979); Mitchell v. Commissioner,51 T.C. 641, 647 (1969), revd. 430 F. 2d 1 (5th Cir. 1970), revd. 403 U.S. 190 (1971). Although petitioners argue that requiring them to file and prepare accurate returns would violate their constitutional rights, we reject their arguments as frivolous. See Wilkinson v. Commissioner,71 T.C. 633, 637-639 (1979); Hatfield v. Commissioner,supra at 897-898; *741 Cupp v. Commissioner,supra at 79-84; Hosking v. Commissioner,62 T.C. 635, 639 (1974). Issue 6: Joint Return Tax Rates
Petitioners argue that they are entitled to compute their income taxes for the years in issue pursuant to the joint return tax rates of section 1(a). We disagree. Section 1(a) sets forth the tax rates applicable to "every married individual * * * who makes a single return jointly with his spouse under section 6013." Thus, married individuals must file joint returns in order to elect the tax rates provided in section 1(a). Moreover, if the taxpayers have failed to file returns, this election must be made before respondent has issued statutory notice of deficiencies based on the tax rates for separate returns. Durovic v. Commissioner,54 T.C. 1364, 1401-1402 (1970), affd. on this issue 487 F. 2d 36 (7th Cir. 1973), cert. denied 417 U.S. 919 (1974). See also sec. 6013(b). Accordingly, since the Court has determined that petitioners never filed returns for the years in issue, they may not use the tax rates set forth in section 1(a) to compute their income taxes.
Issue 7: Personal Exemptions
On the petition Mr. Lee filed for 1972, 1973, and 1974, he claimed personal *742 exemptions for his wife for those years. Section 151(b) allows a taxpayer a personal exemption for his spouse "if a joint return is not made by the taxpayer and his spouse, and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer." Since Mrs. Lee had gross income in 1972, 1973, and 1974, Mr. Lee is not entitled to the claimed personal exemptions. To reflect the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the years involved herein.
2. See Leitch v. Commissioner,T.C. Memo. 1979-75↩, on appeal (9th Cir. June 7, 1979).
3. Even if the Form 1040X's filed for 1972, 1973, and 1974 were returns, they were not timely filed.↩