ELINOR ANN JANOUS, petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Janous v. Commissioner
Docket No. 2139-85.
United States Tax Court
T.C. Memo 1987-443; 1987 Tax Ct. Memo LEXIS 440; 54 T.C.M. (CCH) 405; T.C.M. (RIA) 87443; September 1, 1987. *440 Held: (1) P was taxable on the income received by her in 1982; and (2) P is liable for additions to tax under sec. 6651(a)(1), I.R.C. 1954, for failure to file a return, under sec. 6653(a), I.R.C. 1954, for negligence or intentional disregard of rules and regulations, and under sec. 6654, I.R.C. 1954, for underpayment of estimated tax. Elinor Ann Janous, pro se. J. Darrell Knudtson, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 6,170.44 in the petitioner's Federal income tax for 1982 and the following additions to tax: under section 6651(a)(1) of the Internal Revenue Code of 1954, [1] $ 1,542.61 for failure to timely file her return for 1982; under section 6653(a)(1), *442 $ 308.52 for negligence or intentional disregard of rules and regulations with respect to income tax; under section 6653(a)(2), an amount equal to 50 percent of interest payable on $ 4,101.00 of the underpayment; and, under section 6654 (a), $ 598.12 for failure to pay estimated income tax. The issues for decision are: (1) Whether the petitioner was taxable on alimony and certain other income received by her in 1982, and (2) whether the petitioner is liable for the additions to tax determined by the Commissioner. FINDINGS OF FACT Some of the facts have been stipulated, and those facts and so found. The petitioner, Elinor Ann Janous, resided in Arlington, Virginia, at the time her petition in this case was filed. She did not file a Federal income tax return for 1982. The petitioner and her husband (the husband) were married in St. Bernard Parish, Louisiana, in 1952. On December 9, 1977, they entered into a written separation agreement. Under Article V of the agreement, the petitioner's husband agreed to pay the petitioner $ 1,000 per month until *443 the sale of their principal residence, in which the petitioner was residing. Thereafter, the petitioner was to receive 31.7 percent of her husband's gross annual income. Under other provisions of the agreement, the husband was to make certain payments to the petitioner or to third parties on behalf of the petitioner. Paragraph (a) of Article XI of the agreement states that "The parties may file joint federal and state tax returns as long as it is legally possible for them to do so. Any refund resulting from such filing shall be divided equally between the parties." Paragraph (d) of Article V states that "The parties within fifteen (15) days of the filing of their annual tax returns or on April 30th of each year, whichever shall first occur, shall supply to one another copies of their form 1040." On November 4, 1983, a final decree of divorce was entered against the petitioner. For the year 1977, the husband prepared a joint return which was signed by the petitioner. In April 1979, the husband informed her in writing that he was filing his return under the "married filing separate return" status. Over the next several years, the petitioner attempted to have the Internal Revenue *444 Service force her husband to file joint returns with her. In 1982, the petitioner received $ 15,312.36 from her husband. In such year, she did not receive any gifts or inheritances. During such year, there were total deposits to the petitioner's bank account at the Virginia National Bank of $ 20,565.84. In addition, $ 1,317.48 was deposited to a joint account in the name of the petitioner and her husband. In his notice of deficiency, the Commissioner determined that the petitioner failed to report $ 22,133.00 of income for 1982. In addition, he determined that she was liable for additions to tax for failure to timely file a return, for negligence, and for underpayment of estimated tax. Prior to trial, the Commissioner revised his determination of unreported income downward to $ 20,565.84. OPINION The first issue for decision is whether the petitioner was taxable on $ 20,565.84 of income for 1982. A presumption of correctness attaches to the Commissioner's determination, and the petitioner bears the burden of proof of overcoming such presumption and proving that the determination is erroneous. Rule 142 (a), Tax Court Rules of Practice and Procedure.[2]
*445 The evidence is clear that the petitioner received $ 20,565.84 of income in 1982. She had deposits totalling that amount in her bank account in 1982, and she provided no credible evidence that any such deposits were nontaxable. The petitioner does not dispute receiving such income. Consequently, we hold that she is taxable on such income. The next issue for decision is whether the petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file her return for 1982. The petitioner has the burden of disproving the Commissioner's determination. Rule 142(a); BJR Corp. v. Commissioner,67 T.C. 111, 130 (1976). For 1982, a taxpayer who was married and had not filed a joint return was required to file a separate return is she had $ 1,000 or more of gross income. Sec. 6012(a)(1). In general, gross income includes income from whatever source derived. Sec. 61(a). In particular, gross income includes income from alimony and separate maintenance payments. Sec. 61(a)(8). "Where the husband and wife are separated and living apart and do not file a joint income tax return for the taxable year, paragraph (2) of section 71(a) requires the *446 inclusion in the gross income of the wife of the periodic payments (whether or not made at regular intervals) received by her pursuant to a written separation agreement executed after August 16, 1954." Sec. 1.71-1(b)(2), Income Tax Regs.[3] See, e.g., Bogard v. Commissioner,59 T.C. 97 (1972). The petitioner does not dispute the Commissioner's assertions that she failed to file a return for 1982 and that she had $ 20,565.84 of income. However, she does contend that her husband was contractually obligated, under the separation agreement, to file a joint return. We find no such obligation in the agreement. Even if we did find such an obligation, that would not relieve the petitioner of her duty to file a return. See Paula Construction Co. v. Commissioner,58 T.C. 1055, 1061-1062 (1972), affd. without published opinion 474 F.2d 1345 (5th Cir. 1973). Therefore, the Commissioner's determination that the petitioner is liable for the addition to *447 tax under section 6651(a)(1) is sustained. The next two issues for decision are whether the petitioner is liable for the additions to tax under section 6653(a). Paragraph (1) of section 6653 (a) provides for an addition to tax of 5 percent of the underpayment where an underpayment of tax is due to negligence or intentional disregard of rules and regulations. See Richardson v. Commissioner,72 T.C. 818 (1979). Paragraph (2) of section 6653(a) provides an addition to tax of an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. The petitioner bears the burden of proving that she is not liable for such additions to tax. Rule 142(a); Luman v. Commissioner,79 T.C. 846, 860-861 (1982). The evidence in this case clearly supports the Commissioner's determination. The petitioner received a substantial amount of money from her husband. She was aware of her obligation to report her income, but wanted to report such income on a joint return with her husband. In an effort to force the IRS to require her husband to file a joint, she did not file *448 a return. In our judgment, such conduct on her part clearly constitutes negligence or intentional disregard of the rules and regulations; therefore, we sustain the Commissioner's determination that the petitioner is liable for the additions to tax under section 6653(a)(1) and (2). The final issue for decision is whether the petitioner is liable under section 6654 for the addition to tax for underpayment of estimated tax for 1982. The imposition of this addition to tax is mandatory, unless the petitioner can bring herself within one of the exceptions of this section. Mitchell v. Commissioner,51 T.C. 641, 648 (1969), revd. 430 F.2d 1 (5th Cir. 1970), revd. 403 U.S. 190 (1971); Estate of Ruben v. Commissioner,33 T.C. 1071, 1072 (1960). Since the petitioner has made no effort to introduce evidence to disprove the Commissioner's determination on this issue, we sustain an addition to tax under section 6654. Sec. 6654(a); Reaver v. Commissioner,42 T.C. 72, 83 (1964). To give effect to the Commissioner's concession as to the amount of income received by the petitioner, his determination of the deficiency *449 and of the additions to tax will have to be recomputed. Decision will be entered under rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1982, unless otherwise indicated. ↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure. ↩
3. We observe that the tax rules on divorce and separation, and the tax treatment of alimony, are substantially restructured in sec. 71, as amended by the Tax Reform Acts of 1984 and 1986. ↩